AUBRY v. AMERICAN NATIONAL INSURANCE COMPANY

(November 13, 1928. Opinion and Decree.)

Legier, McEnerny & Waguespack, of New Orleans, attorney for plaintiff, appellee.

Edward J. De Verges, of New Orleans, attorney for defendant, appellant.

JANVIER, J. ad hoc. Plaintiff sues defendant under a health and accident insurance policy for $241.67. He also asks for 100 per cent penalty for failure to settle and for reasonable attorneys' fees in accordance with Act 310 of 1910.

Plaintiff was a mail carrier and in the carrying out of his duties rode a bicycle. On October 1, 1924, plaintiff fell from this bicycle and hurt the back of his right hand. He called on a physician, who treated him and apparently his injury was considered slight by both the physician and himself. At any rate, he did not discontinue his work and it was not until November 17, 1924, nearly two months after the fall from the bicycle, that he became incapacitated. In the meantime he had called on a physician, two or three times, and his hand had been treated, but he had given no notice to his insurance company. On November 18, 1924, on both of his hands cists or ganglions developed, and, on the advice of a physician, he went to the Marine Hospital in New Orleans, where he became a patient and where he remained actually unable to work until May 27, 1925.

As to the extent and period of his disability there seems to be no dispute.

On November 24, 1924, some six days after he had gone to the hospital, and very nearly two months after his fall from his bicycle he notified his insurers of his disability and advised them that he was suffering from pains in his hands and wrists occasioned by his duties as United States mail carrier.

It will be noted that he made no mention of his fall from his bicycle, and, in fact, his insurers knew nothing of this fall until the trial of the case.

The insurers investigated the case to some extent and commenced paying him periodically the amounts called for under the policy. When the sum of $75.00 had been paid him by the company, they came to the conclusion that he was suffering from a chronic disease. Under the terms of the policy disability resulting from chronic diseases entitles the assured to the amount specified for two months' total disability and no more. For two months total disability he was entitled to be paid

only $100.00, or $25.00 in addition to the amount already paid to him. The company thereupon tendered him this sum; but, as the check bore the notation that it was in full settlement he refused to accept it and brought this suit. On the trial of the case the plaintiff testified as to his fall from the bicycle and also stated that his occupation required him to constantly lift large and heavy packages and that this lifting was the cause of his condition. The defendant argues that if the plaintiff's disability is a result of a chronic ailment, recovery should be limited to $100.00, and that on the other hand, if it is due to the fall from the bicycle, inasmuch as no notice was given of that accident until more than twenty days thereafter, plaintiff is precluded from bringing suit under the terms of the policy, one of the provisions of which reads as follows:

"Written notice of injury or of sickness on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury, or within ten days after the commencement of disability from such sickness. In event of accidental death, immediate notice thereof must be given to the Company."

Let us take up the second defense first. It is true that no notice of the fall from the bicycle was given to the company, and that the company knew nothing of it until the trial below. It seems, however, that neither the plaintiff nor his physician thought the accident was in any way serious. It is not now made certain by the evidence that his ultimate disability resulted from, or was, in fact, contributed to, by that injury. It would be a harsh doctrine indeed which would prevent recovery by one who, believing that an injury is trivial, continues to work and in utmost good faith fails to report such an accident to his insurance company. Par-

ticularly is this so where it appears that the defendant suffered no loss as a result of failure to receive notice.

Plaintiff was treated by competent physicians, and we can conceive of nothing additional that the defendant would have done, had it received immediate advice of the happening of the accident.

In the defendant's contention that the disability, for which recovery is claimed, resulted from a chronic disease, we can see no merit. What is or what is not a chronic disease is a question for medical men, and the record in this case contains many certificates of reputable physicians, all of whom state that the disease or ailment, from which the plaintiff suffered, was not chronic.

Defendant makes much over the fact that in one of the certificates, the doctor who prepared it, in answer to the question "Chronic" wrote the letters "Ye," apparently the first two letters of the word "Yes," and then stopped, and in a bold hand, wrote the word "No." Counsel for defendant argues that the handwriting in which the word "No," is written, is different from the handwriting in the balance of the document. It does not appear to us to be different and we see no reason why it should be, because the word "No" in this certificate would be consistent with the statement, contained in all other certificates, to the effect that the disease was not chronic. It, therefore, appears to us that the only significance to be given to the correction is rather against the defendant, because it shows conclusively, to our minds, that the doctor, who prepared the certificate gave careful consideration to the question and corrected himself, when he apparently was, in his hurry, about to give an incorrect answer.

Our conclusion is that the full amount claimed, under the policy, is due and that the defendant did not have reasonable grounds for refusing to make payment. At the time of its refusal, it must be remembered that it had no notice about the fall from the bicycle and that, therefore, it could not have based its refusal on its failure to receive notice. Its sole reason for refusing to make payment was its contention that the disease, from which plaintiff was suffering, was chronic, and we are unable to understand how the defendant could have been sincere in this contention, in view of the fact, that it had in its possession several certificates to the contrary.

We feel, however, that there may have been sufficient justification in its refusal to pay, to warrant us in not awarding the 100 per cent penalty, which we are authorized to award under Act 310 of 1910. We do believe, however, that a reasonable attorney's fee should be granted, and fix this fee at $100.00.

Defendant suggests that we are not authorized, **under the act referred** to, to allow a part of the penalty and not all, and that we may not allow an attorney's fee unless we award the whole penalty. We do not so construe the act. It appears to us that its plain purpose was to allow a court, in its discretion, to award such reasonable penalty and such reasonable attorney's fee, as might to it, seem proper but, in the case of the penalty not in excess of 100 per cent.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended and that there may now be judgment in favor of plaintiff and against defendant in the sum of $241.67 and in the further sum of $100.00 as attorneys' fees. All costs to be paid by the defendant.