### CURRY v. UNIVERSAL LIFE INS. CO.
### No. 4611.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

Irion & Switzer and Henry F. Turner, all of Shreveport, and John G. Gibbs, of Natchitoches, for appellant.

Bryan E. Bush, of Shreveport, for appellee.

DREW, Judge.

Plaintiff sued for $285, alleging that on November 5, 1931, he was accidentally injured and incapacitated from doing any work for a period of sixteen weeks; that he was the holder of an insurance policy issued to him by defendant in which policy he was entitled to be paid $7 per week during the time he was incapacitated. He alleged that he made proper proof of his incapacity, and that defendant paid for one week and refused to

pay for the additional time. He claimed $7 per week for sixteen weeks, less one payment of $7; $105 as total indemnity for refusal to promptly pay; and $75 as attorney's fees.

Defendant admitted the issuance of the policy and that it is the best evidence of its contents. It denied that it owed plaintiff any amount; denied that he received the injury as alleged, or that any payment was made on account of said injury; and further denied that plaintiff ever complied with the conditions of the contract of insurance in filing proof of said alleged injury.

The lower court rejected the demands of plaintiff and he has prosecuted this appeal.

Sections 3 and 4 of the policy are controlling in this case, and they read as follows:

"Benefits will be paid for each day that the insured is by reason of illness necessarily confined to bed, and for each day that the insured is by reason of injury, purely of an accidental nature, of which there must be external evidence, disabled from performing work of any nature, provided such confinement or disability is of not less than four consecutive days duration, and that a certificate of a duly licensed and practicing physician is furnished as hereinafter provided, and provided further that the company's agent or inspector shall be permitted to inspect the condition of the insured as often as the company may deem necessary during the continuation of any illness or disability. Should there be filed in behalf of the insured more than twenty-six weekly application certificates for sick or accidental benefits during any twelve months counting from the anniversary date of the policy only one-fourth of the amount of sick and accidental benefits otherwise due hereunder shall be due and payable on all claims filed after and in excess of the first twenty-six filed during the said period of time. No benefits will be due for accidents or death caused by injuries received while riding in an air machine, or other aerial conveyance.

"The insured shall not be entitled to any benefit for sickness or accidents under this policy unless he or she shall first furnish the Company or its authorized agent a certificate by a regularly licensed practicing physician (satisfactory to the company) showing the nature of the sickness or injury, and the probable duration of the same, which must be compatible with the history of that class of complaints; and if the sickness or accidental disability of the insured shall continue for more than one week a like certificate must likewise be furnished at the beginning of each week of sickness or accidental disability. No liability for sickness or accidental disability shall begin to accrue under this policy for any week until such certificate is received as above set forth. The company will not accept as proof of sickness the certificate of a physician who is not actually attending the insured at his or her bedside, and there must be an actual attendance for every certificate filed. The company reserves the right to have any applicant for sick or accidental benefits examined by a physician of its own selection. No sick or accidental benefits will be due under any claim filed with the company's local agent or at the company's local office later than the second day after the date of the doctor's last visit as stated in the application for benefit."

Plaintiff contends that on November 5, 1931, he was thrown from a wagon and injured his back. This suit was filed October 27, 1932, and is clearly the first time the defendant had knowledge that plaintiff was claiming an accidental injury. The first time a physician was called in by plaintiff was on November 10, 1931, at which time he filled out a certificate as to plaintiff's illness, in which he stated that plaintiff was suffering from malaria, caused by mosquitoes, and that in his opinion plaintiff would be confined to his bed for eight or ten days. The same physician called again on November 23, 1931, and made another certificate stating that the disease from which plaintiff was suffering was malaria, caused by mosquitoes, and that he would possibly be confined to his bed for seven or eight days. There is a question on the certificate asking if plaintiff was injured or had had an accident, and on both certificates it is left blank by the physician.

When the first certificate was presented to defendant, it paid to plaintiff one week's sick benefit, due to malaria, and on the bottom of the certificate there is a receipt signed personally by plaintiff whom, the testimony shows, can read and write. Thereafter, defendant made an investigation and found plaintiff was not confined to his bed, and was only around home taking some capsules left by the doctor for malaria. When the second certificate was presented, it was not paid for this reason.

At no place in the petition or testimony of plaintiff, or of any of his family, does he claim to have been incapacitated from any other cause than an accidental injury. He never furnished the defendant with any proof or certificate from a doctor of an accidental injury, in accordance with the provisions of the policy, and, regardless of whether he received an injury or not, which is extremely doubtful, he could not recover.

It is urged by plaintiff that the pleadings have been enlarged by defendant to show that plaintiff was suffering from malaria. We do not think so. Defendant offered this testimony solely to rebut the claim of plaintiff that he was suffering from an accidental injury.

We find no error in the judgment of the lower court and it is affirmed, with costs.