"In testimony whereof the parties hereto have executed this instrument in triplicate at

New Orleans, La., this 27th day of January, 1933."

The defendant objected to the introduction of the agreement as being immaterial and irrelevant. The objection was overruled. For the reasons fully stated on pages 9 and 10 of plaintiff's brief, the ruling is correct.

The foregoing agreement is a complete ratification of every act of defendant's agents with respect to the issues raised in this suit. As to all interest and other enumerated charges, they were to be paid by the defendant. As to the attorney's fees, they were to be remitted in the event the defendant exercised its option timely.

We think the conclusions we have announced dispose of the case. For the reasons stated, the judgment appealed from is affirmed at appellant's cost.

**156 So. 420**

## WHEELER v. LONDON GUARANTEE & ACCIDENT CO., Limited.

### No. 32835.

July 2, 1934.

Rehearing Denied Aug. 3, 1934.

C. V. Pattison, of Lake Charles, for appellant.

McCoy, King & Jones, of Lake Charles, for appellee.

ODOM, Justice.

This is an action on an accident insurance policy for 200 weekly installments of $12.50 each for partial disability resulting from an accident sustained by plaintiff on March 20, 1931. The policy contains the following stipulations:

"Provision 4. Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing the injury."

"Provision 21. * * * Any failure to comply with the provisions of this policy shall render invalid any claim made hereunder."

The defendant resisted the payment of the claim on several grounds, one of which was that no notice of the accident was given within twenty days as required by the terms of the policy. The trial judge sustained this defense and rejected plaintiff's demands. He appealed.

The trial judge found, in fact it is admitted by counsel, that whereas plaintiff accidentally fell and injured himself on March 20, 1931, he gave the company no notice of the accident until about April 20, or approximately 30 days later. The testimony introduced by the defendant is to the effect that it received no notice of the accident until the month of July. However, plaintiff testified that he had written the company's agent, giving notice of the accident, on or about April 20, and the trial judge accepted plaintiff's statement to that effect, although plaintiff was not able to produce a copy of the letter which he claims to have written, nor was he able to produce any proof that he had written the company's agent on that day.

In the absence of a statute providing otherwise, every insurer has the right to prescribe regulations as to notice and proofs of loss, and a stipulation in an accident policy that in order to entitle insured or his beneficiary to recover thereunder, notice of the accident or injury must be furnished the insurer within a certain specified time, is reasonable and binding on the insured, and failure to give notice as required will defeat recovery, especially if the giving of such notice within the time prescribed is made a condition precedent to recovery. Dennis Sheen Transfer Co. v. Georgia Casualty Co., 163 La. 969, 113 So. 165; Curry v. Universal Life Insurance Co. (La. App.) 150 So. 408; 1 C. J. 471, § 181; Encyclopædia of Insurance Law (Couch) vol. 7, § 1527; 1 Cyc. 274; 14 R. C. L. 1327, § 501.

The policy here involved provides that notice of the accident must be given the company within twenty days from the date of the accident and that "any failure to comply with the provisions of this policy shall render invalid any claim made hereunder."

So that the giving of notice was made a condition precedent to recovery. The plaintiff does not plead that it was impossible for him to give notice within the time prescribed. But he contends that his disability is due to an inguinal hernia which was caused by the accident, but which did not develop until more than thirty days after the accident, and that he gave notice within twenty days from the date on which the hernia developed. It is alleged in the petition and plaintiff testified that the extent of his injury due to the accident could not immediately be determined; that at first he considered his injuries slight, in fact trivial; and that he did not anticipate injurious results. Under such circumstances, his counsel argues that inasmuch as the hernia caused the disability and the accident caused the hernia, it was not necessary to give notice until the hernia developed.

There is ample authority to support the general proposition that the time allowed by policies of this kind for giving notice begins to run only from the day on which the particulars or results of an accident are ascertained, where these are not immediately apparent and there is no reasonable ground for believing that the accident will produce an injury for which damages or compensation might reasonably be claimed. 1 C. J. 475, § 186; 14 R. C. L. 1330, § 503; 1 Cyc. 275; Aubry v. American National Insurance Co., 9 La. App. 385, 120 So. 431.

■ While we do not hold against these authorities, we do hold that under the facts here disclosed they have no application to this case. The plaintiff had every reason to believe from the moment of the accident that serious results might follow and that liability under the policy might arise. He was supervising the drilling of an oil well and was on the platform when he discovered what he thought was a defect in the "line," and "stepped up on the drum, about four feet above the derrick floor, to inspect the line." He found no defect and turned to get off the drum, when he slipped and fell, his right shoulder striking the drilling stem and "his left side fell across a block of wood lying on the derrick floor."

Counsel for plaintiff says in his brief:

"He suffered pain in his side and back and was forced, on account of the pain, to leave the job and go home. On reaching home he examined himself and found his side inflamed. That afternoon or the following day he visited the office of Dr. Mackie, an osteopath, and consulted the doctor, who treated him for about six to eight weeks. At the doctor's instructions, plaintiff also had home treatment, applying hot towels and hot bottles to his injured side."

Plaintiff, as stated, was supervisor or inspector of the drilling operations. He testified that he was not totally disabled to perform his duties as inspector or supervisor of the drilling operations, but went back and forth to his work. But, to quote again from counsel's brief, "From the moment of his injury, he could only perform his clerical duties and even performance of these were at-tended with pain and he moved about with difficulty, being unable to climb or lift material to inspect it."

From this it appears that plaintiff was rather badly crippled by the fall. He says, however, that the hernia did not develop until about June 1, more than two months later. While plaintiff could not know, of course, that a hernia would finally result from his injury, yet the injuries from the fall were such as to indicate to any reasonable person that serious results might follow. Under such circumstances it was his duty under the plain terms of the policy to notify the insurer of the accident.

■ It is argued by counsel for plaintiff that the defendant waived its right to defend on the ground that timely notice of the accident was not given by keeping the proofs of injury when finally sent in and by requesting further and a more detailed statement concerning the accident and also by setting up in its answer other defenses. In support of this contention counsel cite section 198, 1 C. J. 479, which reads as follows:

"The right to insist upon a forfeiture for failure to give notice of the accidental injury within the prescribed time is waived by the insurer retaining, without objection, the notice and proofs of death subsequently furnished and requesting further proofs."

There is nothing in the record to show that defendant retained the notice and proofs of the accident "without objection." Those in charge of defendant's office testified that no notice of the accident was received until July 7, which notice was conveyed by letter writ-

ten by plaintiff on July 5; the letter merely requesting blanks for reporting the accident. It does not appear that plaintiff in his letter of July 5 stated the date on which the accident happened. On receipt of plaintiff's letter defendant wrote him on July 7 inclosing blanks to be filled out, as requested. The blanks were filled in by plaintiff and returned to the company. The receipt of the report made by plaintiff was the first notice that defendant had showing the date of the accident. Subsequent to the receipt of the blanks defendant wrote plaintiff on October 22, 1931, in reply to plaintiff's letter of August 17, as follows:

"In your letter of August 17, you say that you wrote our Springfield offices for a blank on April 20, 1931, but did not receive an answer. Our agent at Springfield advises that the first communication that they received from you was your letter of July 5, 1931, which we have before us, and which made no mention whatever of any previous request made by you for any blanks. Even if you did write for a blank on April 20, the policy requires that notice of accident be given within twenty days from date of the accident causing the injury. In view of your failure to comply with that policy provision, the company can not admit liability, but requests further data from you with the understanding that by so doing it waives none of its rights."

Similar statements are made in other letters written by defendant to plaintiff. It therefore appears that whereas defendant did request certain additional information concerning the accident, yet it was particular to say that it did not admit liability and did not intend to waive its right to claim the forfei-

ture on account of lack of due notice. Under such circumstances the rule invoked by plaintiff has no application.

■ Defendant in answer set up the defenses that the hernia did not result from the accident and that as the report sent in did not disclose that plaintiff was totally disabled, there was no liability, and it is contended that by making these special defenses, defendant has waived its right to defend on the ground that timely notice was not given.

There is nothing in defendant's answer to indicate that it intended to waive its right to deny liability under the policy on account of lack of timely notice. On the contrary, it reiterated the defense it had previously made, to wit, that notice of the accident was not timely given. Defendant never at any time admitted liability, but on the contrary denied that it was due plaintiff anything, even if timely notice had been given. In its letter to plaintiff dated November 30, 1931, the defendant, after denying liability on account of lack of timely notice, stated that it was not liable for other reasons. Such was the tenor of practically all of defendant's letters to plaintiff.

If an insurer denies liability under the policy on special grounds within the time given the policyholder for giving notice and making proofs of his claim, such a denial constitutes a waiver of the right to demand timely notice, because if the policyholder is informed by the insurer that it will in no event recognize his claim, there is no necessity for the giving of notice or the making of proofs. But if the insured fails to give notice of the

accident within the time stipulated in the policy and for that reason loses his right to recover thereunder, there is no reason why he should be permitted to recover upon the ground that the insurer, after the insured's rights are lost, declines for that and additional reasons to recognize the validity of plaintiff's claim.

If the insurer receives notice and proofs of the insured's claim after the expiration of the time stipulated in the policy for the giving of such notice and then plants its defense solely upon a ground not relating to the time for giving notice, the insured has reason to believe that the insurer intends to waive its right to defend on the ground that timely notice of the accident was not given. And in case the insured brings an action under the policy and incurs expenses incident to the suit, the insurer cannot be heard to say in its answer for the first time that timely notice was not given. The requirement in an accident policy that notice of the accident must be given the insurer within a specified time is a condition made for the benefit of the insurer. This condition may be insisted upon or waived by the insurer. If waived or if the insured is led to believe that it is waived, the insurer cannot, after suit is filed, recall the waiver by answer and insist upon a forfeiture on account of lack of notice.

But where, as in this case, the insured was never misled, where the insurer informed him immediately upon receipt of notice of the accident that the notice was not received in time and that liability was denied on that and other grounds, the insurer does not waive its right to claim the forfeiture by setting up other defenses in its answer.

This view is supported by the following cases: Illinois Bankers' Life Association v. Lola Byassee, 169 Ark. 230, 275 S. W. 519, 41 A. L. R. 379; Ætna Life Insurance Co. v. Fitzgerald, 165 Ind. 317, 75 N. E. 262, 112 Am. St. Rep. 232, 6 Ann. Cas. 551, 1 L. R. A. (N. S.) 422, and cases cited on page 426; North British & Mercantile Insurance Co. v. Lucky Strike Oil & Gas Co., 70 Okl. 146, 173 P. 845, 22 A. L. R. 398.

There are numerous other cases to the same effect, but we deem it unnecessary to cite them. For the reasons assigned, the judgment appealed from is affirmed.