TATE, Judge.
The appellant Fowler is the defendant in a suit to recover damages allegedly resulting from his negligent operation of his Pontiac automobile. By third-party demand he impleaded a liability insurer (State Farm) which had issued to him a policy covering his operation of the Pontiac. After trial, the District Court dismissed Fowler’s third-party demand, holding that the evidence showed that State Farm had cancelled the policy effective as of before the accident causing the damages sued for.
The issue raised by Fowler’s appeal is whether the evidence supports the trial court’s determination that State Farm’s policy coverage had been effectively terminated before the accident.
State Farm’s liability policy insuring operation of the Pontiac had been purchased from a local agent on January 8, 1959. Part of the premium was paid by Fowler’s personal check, payment of which was subsequently refused by Fowler’s bank because of insufficient funds on deposit in his account. At the time the policy was purchased, Fowler also agreed to pay the balance due of $56.10 on February 16th. State Farm produced from its .records a copy of a cancellation notice addressed to Fowler at his correct address and dated February 19th terminating the policy effective as of 12:01 A.M. March 4th, together with a statement from its mail clerk at its offices in Birmingham, Alabama, indicating that such correctly- *664 addressed cancellation notice had been mailed on February 19th. Fowler denies ever having received this notice; but the local agent testified that he had received a copy of the notice addressed to Fowler soon after February 19th.
Fowler’s Pontiac was involved in an accident at about 9:00 A.M. on March 4th, several hours after the policy coverage was terminated, if the cancellation notice of February 19th was effective. He at once reported the accident to State Farm’s local agent, who came to the scene of the accident, arranged for investigation of it, and also arranged to secure three bids for the repair of Fowler’s Pontiac. (The State Farm policy in question afforded collision coverage for the insured automobile, as well as liability coverage.)
At 1:00 P.M. that day, that is, several .hours after the accident, Fowler turned over to State Farm’s local agent a payroll check in sufficient amount to cover the balance of $56.10 due, and the agent issued a receipt upon which he wrote “renewal”. According to the printed notice on the back of the receipt this payment was effective to renew the policy only “as of the time and date of the payment”, since the payment was made more than ten days after the due date of the premium. (Had the payment been received within the ten days, according to the printed notice, uninterrupted protection was afforded.)
Certain evidence was also introduced on Fowler’s behalf which tends to prove that in the first few days after the accident State Farm’s local agent authorized the repair of Fowler’s Pontiac vehicle, Fowler paying the repairman the $50.00 deductible upon, tlie cost of the repairs. However, by letters of March 5th, April 8th, and April 23rd, which he admitted receiving, Fowler was consistently informed of State Farm’s position that the liability policy had been cancelled as of March 4th, prior to the accident upon which is founded the principal demand for damages herein against Fowler as defendant in the main action.
The chief issue before us on this appeal, then, is the factual one of whether Fowler had received the cancellation notice, which State Farm contends had been mailed from Birmingham, Alabama on February 19th, cancelling the policy effective as of several hours before the accident.
Under LSA-R.S. 22:636, an insurer may cancel a policy by mailing written notice of the cancellation no less than five days prior to the effective date thereof. (The policy provision, more favorable to the insured, required ten days notice.) The statute further provides that the affidavit of the individual making the mailing for the company shall constitute prima facie evidence thereof. LSA-R.S. 22:636, subd. C. But, “While it is true that there is a prima facie presumption of delivery under the statute quoted above upon proof of proper mailing, this presumption is rebut-table by positive evidence of lack of delivery or receipt. * * * In cases where the insurer defends on the ground of cancellation, the insurer carries the burden of establishing the facts which .relieve or limit its liability,” Skipper v. Federal Insurance Company, 238 La. 779, 116 So.2d 520, 523, 524.
As the trial court noted, the actions of State Farm’s local agent in accepting the overdue payment after the accident and also in securing estimates and taking other steps for the repair of the Fowler vehicle, including informing one of the repairmen that he had the lowest estimate (whereupon the repairman contacted Fowler and then repaired Fowler’s automobile), are somewhat indicative of the local agent’s understanding that the policy covering the Fowler Pontiac was still in effect at the time of the accident. The local agent’s evidence and that of the repairmen is, as the trial court noted, obviously inaccurate o.r evasive in certain respects.
*665 Nevertheless, evaluating the testimony as a whole, the trial court concluded that the evidence was convincing that State Farm did actually mail its cancellation notice on February 19th, and that, prior to the accident, Fowler had knowledge of this cancellation. As the trial court stated, as of February 19th “the company had received remittance for less than one-half of its premium charges and this being in the form of a twice-dishonored and worthless check, it had in reality not been paid a single cent”; it is thus not unreasonable to believe the evidence educed by the insurer that the can•cellation notice had in fact been mailed on February 19th. Further, the trial court noted that the local agent’s “issuance of the reneival receipt [two hours after the accident] is full proof that there was a prior cancellation notice to the knowledge of both himself and Fowler.”
We are unable to find manifest error in this conclusion of fact evidently based upon an evaluation of the credibility of the witnesses.
The appellant Fowler also urges that State Farm is estopped to deny coverage by reason of the actions of its local agent following the accident. With regard to the present claim under the liability coverage, the local agent’s acceptance of the overdue premium expressly .reinstated coverage only as of the time of the payment of such premium, which was subsequent to the accident. By letters of March 5th and thereafter, the plaintiff was consistently informed of State Farm’s position that the policy had been can-celled effective as of before the accident; nor does the insurer’s post-accident investigation amount to an assumption of exclusive control of the claims under the liability coverage so as to indicate a waiver of the cancellation.
Thus, at least insofar as the liability coverage is concerned, Fowler does not show any detrimental reliance upon his part so as to estop State Farm from subsequently denying coverage, 45 C.J.S. Insurance § 672, p. 610, and § 673, p. 612; nor does he show any waiver of the defense of policy cancellation, since “Waiver involves intent or consent, express or implied, on the part of the company”, even though (unlike estoppel) “it may arise without insurer doing anything to mislead insured to his disadvantage, prejudice, or injury”, 45 C.J.S. Insurance § 673, pp. 613-614. See Wheeler v. London Guarantee & Accident Co., 180 La. 366, 156 So. 420; see also: 16 Appleman, Insurance Law and Practice, Sections 9253 (p. 806), 9256 (p. 819), 9259 (p. 831). (As to the collision coverage, another question may well he presented.)
For the foregoing reasons, the judgment of the trial court dismissing the third-party demand is affirmed at the cost of the appellant.
Affirmed.