McKinley Z. **MALLITZ,** Plaintiff,

v.

The **BANKERS FIRE AND MARINE IN-SURANCE COMPANY,** and The Traders and General Insurance Company, Defendants.

**Civ. A. No. 8882.**

United States District Court
E. D. Louisiana,
New Orleans Division.

May 4, 1962.

Richard J. McGinity, Jr., Robert R. Rainold, New Orleans, La., for plaintiff.

Marcel Livaudais, Jr., Stanley E. Loeb, New Orleans, La., for Traders and General Ins. Co.

George V. Baus, John T. Cooper, New Orleans, La., for Bankers Fire & Marine Ins. Co.

WEST, District Judge.

This is an action brought by plaintiff, McKinley Z. Mallitz, against The Bankers Fire and Marine Insurance Company and The Traders and General Insurance Company, seeking damages as a result of an accident which occurred on May 11, 1958. The plaintiff, a pedestrian, was struck by a 1957 Oldsmobile automobile operated by one Eugene Earl Anderson, husband of Altee Anderson. At the time of the accident, Anderson and his wife owned a 1957 Pontiac automobile in addition to the 1957 Oldsmobile involved in this accident. The case was tried before a jury on April 26, 1962, at which time the following facts were uncontradicted.

On October 15, 1957, The Traders and General Insurance Company issued its Family Automobile Policy No. FA68908, with limits of liability of $25,000 for each person, and $50,000 for each occurrence, to Mrs. Altee Anderson, covering

the 1957 Oldsmobile involved in this suit for the period October 15, 1957 to October 15, 1958. On January 31, 1958, Bankers Fire and Marine Insurance Company issued a Family Combination Automobile Policy, with limits of liability of $10,000 for each person, and $20,000 for each occurrence, to Eugene Anderson, covering an automobile described as a 1955 Oldsmobile for the period February 3, 1958 to February 3, 1959. (It was agreed that the 1955 Oldsmobile had been traded by Anderson for a 1957 Pontiac prior to the issuance of the policy, and that it was intended by all parties concerned that the policy cover the 1957 Pontiac instead of the 1955 Oldsmobile as indicated.)

After hearing the evidence, the case was submitted to the jury for a special verdict on the following interrogatories:

1. Was Eugene Earl Anderson negligent?

2. If so, was his negligence a proximate cause of the accident?

3. Was the plaintiff, McKinley Z. Mallitz, negligent?

4. Prior to the accident in question, did Traders and General Insurance Company mail to Mrs. Altee Anderson a notice of cancellation of the insurance policy which they had previously issued to her covering the 1957 Oldsmobile involved in this accident?

5. If so, did Mrs. Altee Anderson ever receive this notice of cancellation prior to the accident?

6. Did Mrs. Altee Anderson, or her husband, Eugene Earl Anderson, pay a full year's premium to Traders and General Insurance Company for the policy issued by Traders and General Insurance Company covering the 1957 Oldsmobile involved in this accident?

7. If so, was all or any part of the premium ever returned by Traders and General Insurance Company or their agent to either Mrs. Altee Anderson or her husband, Eugene Earl Anderson?

8. Did Eugene Earl Anderson own the 1957 Oldsmobile involved in the accident at the time he purchased the Family Combination Automobile Insurance Policy from Bankers Fire and Marine Insurance Company?

9. Was it the intent of Bankers Fire and Marine Insurance Company that the Family Combination Automobile Insurance Policy issued by them to Eugene Earl Anderson was to cover the 1957 Oldsmobile involved in this accident in addition to the vehicle described in the policy?

10. Was it the intent of Eugene Earl Anderson that the Family Combination Automobile Insurance Policy purchased by him from Bankers Fire and Marine Insurance Company was to cover the 1957 Oldsmobile involved in this accident in addition to the vehicle described in the policy?

11. What is the amount of the plaintiff's damages?

From the evidence there could be no doubt that the injuries sustained by the plaintiff on May 11, 1958, were proximately caused by the negligence of Anderson while operating the 1957 Oldsmobile, and that the plaintiff was not contributorily negligent, and hence, without objection, the jury was directed by the Court to find to that effect. Hence, in accordance with the Court's direction, Interrogatories No. 1 and No. 2 were answered in the affirmative, and Interrogatory No. 3 was answered in the negative.

The defense of Traders and General Insurance Company is that on November 22, 1957, they mailed a notice of cancellation of their Policy No. FA68908 to Mrs. Altee Anderson, cancelling said policy as of December 4, 1957. Mr. and Mrs. Anderson deny ever having received the notice of cancellation. Interrogatories No. 4 through No. 7 were concerned with this phase of the case, and were answered by the jury as follows:

4. Prior to the accident in question, did Traders and General Insurance Company mail to Mrs. Altee Anderson a notice of cancellation of the insurance policy which they had previously issued to

her covering the 1957 Oldsmobile involved in this accident? Jury cannot agree on answer.

5. If so, did Mrs. Altee Anderson ever receive this notice of cancellation prior to the accident? No.

6. Did Mrs. Altee Anderson, or her husband, Eugene Earl Anderson, pay a full year's premium to Traders and General Insurance Company for the policy issued by Traders and General Insurance Company covering the 1957 Oldsmobile involved in this accident? Yes.

7. If so, was all or any part of the premium ever returned by Traders and General Insurance Company or their agent to either Mrs. Altee Anderson or her husband, Eugene Earl Anderson? No.

■ As indicated above, after several hours of deliberation, the jury reported that it was unable to agree on the answer to Interrogatory No. 4. It is the opinion of this Court that the answer to Interrogatory No. 4 as to whether or not Traders and General Insurance Company ever mailed a notice of cancellation to Mrs. Anderson is immaterial in view of the fact that the jury found unanimously that Mrs. Anderson never received the notice of cancellation. While it is true that proof of mailing would create a prima facie presumption of delivery, this presumption is rebuttable by positive evidence of lack of delivery or receipt. Paz v. Implement Dealers Mutual Insurance Co., La.App., 89 So.2d 514; Skipper v. Federal Insurance Co., 238 La. 779, 116 So.2d 520; and American Surety Co. of New York v. Fowler, La.App., 135 So.2d 663. Under the holdings of these cases, it seems clear that in order for a policy of insurance to be effectively cancelled, actual delivery or receipt of notice of cancellation either must be proved, or the assured must have failed to overcome the presumption of delivery or receipt created by proof of mailing. In this case, the jury found as a fact that the assured had not received any notice of cancellation, and hence, this Court now holds that Traders

and General Insurance Company Policy No. FA68908 was in full force and effect on the date of the accident involved, covering, according to its terms, the 1957 Oldsmobile involved in this accident.

■ Bankers Fire and Marine Insurance Company defended on the grounds that its policy No. FCA379777 covered only the 1957 Pontiac which had replaced the 1955 Oldsmobile described in the policy, and that it did not afford coverage to the 1957 Oldsmobile involved in this accident. Plaintiff contends that because this is a Family Combination Automobile Policy, and because there was no endorsement specifically excluding other automobiles owned by Anderson, that the policy automatically covered all automobiles owned by Anderson during the policy period, including the 1957 Oldsmobile involved in this accident. Interrogatories numbered 8 through 10 were directed to this issue, and were answered by the jury as follows:

8. Did Eugene Earl Anderson own the 1957 Oldsmobile involved in the accident at the time he purchased the Family Combination Automobile Insurance Policy from Bankers Fire and Marine Insurance Company? Yes.

9. Was it the intent of Bankers Fire and Marine Insurance Company that the Family Combination Automobile Insurance Policy issued by them to Eugene Earl Anderson was to cover the 1957 Oldsmobile involved in this accident in addition to the vehicle described in the Policy? No.

10. Was it the intent of Eugene Earl Anderson that the Family Combination Automobile Insurance Policy purchased by him from Bankers Fire and Marine Insurance Company was to cover the 1957 Oldsmobile involved in this accident in addition to the vehicle described in this policy? No.

Hence, as a fact, the jury found that at the time of entering into the contract of insurance, there was no intent on the part of either Bankers Fire and Marine Insurance Company or Eugene Earl Anderson that this policy of insurance was

to cover the 1957 Oldsmobile involved in this accident. Hence, under the holding of Wise v. Strong, Mo.App., 341 S.W.2d 633, this policy could not be construed to have covered the 1957 Oldsmobile at the time of this accident.

The plaintiff points, however, to the case of Lejeune v. State Farm Mutual Automobile Insurance Co., La.App., 107 So.2d 509, and also to the Manual of Regulations of the Casualty and Surety Division of the Louisiana Insurance Rating Commission pertaining to the issuance of Family Automobile Insurance Policies, which manual was offered and produced in evidence during the trial of this case. On Page 6 of the Supplement to the Private Passenger Automobile Section of the Manual relating to family automobile coverage is found the following provision upon which the plaintiff relies:

"(2) Elimination of Specific Automobiles.

"If all owned automobiles, as defined in this supplement, are not to be insured in the policy, the appropriate endorsement must be attached."

It is thus the position of the plaintiff that absent such an exclusionary endorsement, all automobiles owned by the assured during the policy period are automatically covered, whether described in the policy or not.

But just above this quotation, on the same Page 6, under the heading "Declarations", it is stated:

"(3) The total number of private passenger, farm and utility automobiles owned on the effective date of the policy by the named insured does not exceed one, unless otherwise stated. * * *"

Item 4 of the policy in question, which was issued by Bankers Fire and Marine Insurance Company to Eugene Anderson states:

"The total number of private passenger and utility automobiles owned on the effective date of this policy by the named insured does not exceed one, unless otherwise stated herein."

Following the word "herein" is an asterisk with the explanation that "Absence of an entry means 'no exceptions'."

In Item 5 of the policy, under the heading "Description of Owned Automobile or Trailer", there are spaces to describe "Car 1" and "Car 2". On the policy issued to Anderson, only the space for the description of "Car 1" is filled in. This despite the fact that Anderson did, in fact, own two automobiles at the time this policy was issued.

The provision of the regulation quoted by the plaintiff pertaining to elimination of specific automobiles by exclusionary endorsement cannot be read separately and apart from the remainder of the regulations, and particularly the provisions dealing with Declarations. It seems quite obvious when reading these provisions together that the provision relating to elimination of specific automobiles by exclusionary endorsement only applies where, under the section dealing with Declarations, the assured has listed more than one owned automobile. When, as in this case, under Item 4 of the policy the assured declares that he owns only one automobile, and under Item 5 only that one automobile is described, the insurance company could not reasonably be required to exclude, by specific endorsement, some other automobile, the ownership of which was, by the failure of the assured to describe it in the Declaration in the policy, impliedly denied by the insured. The jury found, as a fact, that there was no intention by either party to the contract of insurance that the policy should cover the 1957 Oldsmobile involved, and this Court finds that as a matter of law, the Bankers Fire and Marine Insurance Company Policy No. FCA379777 issued to Eugene Anderson on January 31, 1958, did not cover the 1957 Oldsmobile involved at the time of the accident in question. The Court is of the opinion that the Lejeune case, supra, was applicable to a peculiar set of circumstances occurring during the transition period between the time of the gen-

eral use of the Standard Automobile Insurance Policy and the advent of the Family Combination Automobile Insurance Policy, and that the decision in that case is not controlling under the circumstances of the present case.

In answer to Interrogatory No. 11, the jury found that the plaintiff had suffered damages in the amount of $15,-000, and in accordance with the reasons herein set forth, the Court finds that Traders and General Insurance Company should be cast in judgment for that amount, together with legal interest and costs, and that there should be judgment in favor of Bankers Fire and Marine Insurance Company, dismissing the suit insofar as that defendant is concerned.

Judgment should be presented and entered accordingly.