The **TRADERS AND GENERAL INSURANCE COMPANY, Appellant,**

v.

**McKinley Z. MALLITZ, Appellee.**

**McKinley Z. MALLITZ, Appellant,**

v.

The **BANKERS FIRE AND MARINE INSURANCE COMPANY, Appellee.**

No. 19856.

United States Court of Appeals
Fifth Circuit.

March 29, 1963.

Marcel Livaudais, Jr., New Orleans, La., for Traders & General Ins. Co.

Robert R. Rainold, Richard J. McGinity, Jr., Baldwin, Haspel, Molony, Rainold & Meyer, New Orleans, La., for McKinley Z. Mallitz.

John T. Cooper, George V. Baus, Adams & Reese, New Orleans, La., for Bankers Fire & Marine Ins. Co.

Before RIVES and CAMERON, Circuit Judges, and BOOTLE, District Judge.

RIVES, Circuit Judge.

Mallitz sued Bankers Fire and Marine Insurance Company and The Traders and General Insurance Co. under the Direct Action Statute of Louisiana, LSA–R.S. 22:655, on account of injuries received when he was struck by an automobile driven by Eugene Earl Anderson. It is conceded that Anderson's negligence was the proximate cause of the accident and that Mallitz was not contributorily negligent.

Mallitz was struck by a 1957 Oldsmobile. At the time, both that automobile and a 1957 Pontiac were owned by Anderson and his wife. Traders and General had previously issued a policy of automobile liability insurance covering the 1957 Oldsmobile which was involved in the accident. Bankers Fire had issued a "Family Combination Automobile Policy" particularly describing the 1957 Pontiac.

Traders and General defended on the ground that its policy had been canceled prior to the accident. Bankers Fire defended on the ground that its policy did not cover the vehicle involved in the accident, but only the vehicle named in its policy. Mallitz contested the defenses of both companies.

Upon a special verdict under Rule 49 (a), Federal Rules of Civil Procedure, the district court entered judgment in favor of the plaintiff Mallitz against the defendant Traders and General in the sum of $15,000.00 with interest and costs. The court further entered judgment in favor of the defendant Bankers Fire, rejecting Mallitz's demand and dismissing his suit insofar as Bankers Fire is concerned. The reasons for the court's action appear in an opinion reported as Mallitz v. Bankers Fire and Marine Insurance Co. et al., E.D.La., 1962, 204 F.Supp. 307. From the judgment against it Traders and General has appealed, and from the judgment in favor

of Bankers Fire the plaintiff Mallitz has appealed.

## THE JUDGMENT AGAINST TRADERS AND GENERAL

The accident occurred on May 11, 1958. It is not disputed that on October 15, 1957, Traders and General issued its policy covering the 1957 Oldsmobile involved in the accident. The issue presented is whether this policy was canceled by Traders and General effective December 4, 1957.

Traders and General produced the testimony of a Mr. O'Dell of its home office that he mailed the notice of cancellation of the policy on November 22, 1957, and got a receipt therefor from the United States Post Office in Dallas Texas. That receipt was introduced in evidence. It was further shown that a copy of the notice was received by the Louisiana Insurance Commissioner in Baton Rouge, and that on November 29, 1957, he approved cancellation of the policy to be effective December 4, 1957.

Anderson and his wife denied receipt of the notice of cancellation. On January 27, 1958, fifty-four days after the purported cancellation, they paid to the agent the remaining part of the premium due on the policy. On March 27, 1958, nearly four months after the purported cancellation, Mrs. Anderson while driving the insured automobile was involved in a different accident. That accident was duly reported by the Andersons to the claim department of Traders and General. A representative of Traders and General thereafter advised the Andersons that investigation disclosed that the negligence of the driver of the other automobile was the sole cause of the accident and, hence, neither the Andersons nor Traders and General was liable. Thereafter on May 11, 1958, the accident which is the subject of this suit took place. The Andersons claimed that five days thereafter, on May 16, 1958, the first indication of the purported cancellation was received by them.

Special Findings 4 to 7, inclusive, and 11 relate to the liability of Traders and General and are as follows:

"4. Prior to the accident in question, did Traders and General Insurance Company mail to Mrs. Altee Anderson a notice of cancellation of the insurance policy which they had previously issued to her covering the 1957 Oldsmobile involved in this accident? *Jury unable to Agree*

"5. If so, did Mrs. Altee Anderson ever receive this notice of cancellation prior to the accident? *No*

"6. Did Mrs. Altee Anderson, or her husband, Eugene Earl Anderson, pay a full year's premium to Traders and General Insurance Company for the policy issued by Traders and General Insurance Company covering the 1957 Oldsmobile involved in this accident? *Yes*

"7. If so, was all or any part of the premium ever returned by Traders and General Insurance Company or their agent to either Mrs. Altee Anderson or her husband, Eugene Earl Anderson? *No*

\* \* \* \* \* \*

"11. What is the amount of plaintiff's damages? *$15,000.00*"

After the jury retired, they sent a note to the court reading: "We are unable to agree on Number Four. Can it be re-stated? We have not considered Number Eleven." Upon their return to the jury box, the court inquired: "Could you advise the Court what difficulty you find with Number Four without stating or saying how you stand?" The Foreman answered: "We are unable to agree on Number Four because we are not sure how it will affect the outcome." The court then instructed the jury at some length that the outcome is something not to be considered by the jurors

but is a matter for the court. When the jury went back out, Traders and General, without assigning any grounds, moved the court to enter a mistrial, and the court denied the motion. Traders and General now argues that the jury's question constituted such gross misconduct as to show bias and prejudice against Traders and General. If we assume that the court understood such to be the grounds, we cannot say that it erred or was guilty of any abuse of discretion in denying the motion for mistrial. See Barron & Holtzoff, Federal Practice & Procedure, Rules Edition, Vol. 2B, § 1056.1, n. 52.8.

Thereafter, the jury finally reported that they had agreed on all questions except question four and were hopelessly deadlocked on that question. After questioning each of the jurors and obtaining their unanimous opinion that they could not agree on answering question number four, the court received the verdict. Traders and General renewed its motion for a mistrial, again without assigning grounds. On appeal it urges that the failure of the jury to answer question four infected the verdict with a fatal lack of unanimity required by the Seventh Amendment, and in support of that argument cites Andres v. United States, 1948, 333 U.S. 740, 68 S.Ct. 880, 92 L.Ed. 1055. That was a criminal case in which unanimity was required as to all issues left to the jury, the "character or degree of the crime, guilt and punishment." 333 U.S. 748, 68 S.Ct. 884. It has no possible bearing on the failure to agree on a special finding if the district court was correct in holding that that finding "is immaterial in view of the fact that the jury found unanimously that Mrs. Anderson never received the notice of cancellation." 204 F.Supp. 309.

The materiality vel non of question 4 depends upon whether Traders and General effectively canceled its policy under Louisiana law by the mailing of the notice of cancellation. Traders and General relies upon the literal wording of the Louisiana statute, LSA–R.S. 22:636:

"Cancellation by insurer

"A. Cancellation by the insurer * * * may be effected * * * only upon compliance with either or both of the following:

"(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.

"(2) [Applies to mortgagee. Not pertinent here.]"

The Louisiana courts have, however, construed the statute as creating a prima facie presumption of delivery upon proof of proper mailing, and have held that presumption rebuttable "by positive evidence of lack of delivery or receipt." Skipper v. Federal Insurance Co., 1959, 238 La. 779, 116 So.2d 520, 523; see also Paz v. Implement Dealers Mutual Insurance Co., La.App. 1956, 89 So.2d 514; American Surety Co. of N. Y. v. Fowler, La.App.1961, 135 So.2d 663. If "positive evidence," as used by the Louisiana courts, be construed most favorably to the insurer (and we do not rule on that point), the evidence in this case which has been briefly recited presented a question for the jury. It follows that when the jury answered question 5 in the negative, its failure to answer question 4 became immaterial.

Traders and General's argument that Bankers Fire is also liable is considered under the next heading.

## THE JUDGMENT IN FAVOR OF BANKERS FIRE AND MARINE INSURANCE COMPANY

The jury's findings 8, 9 and 10, pertinent to the liability of Bankers Fire, read as follows:

"8. Did Eugene Earl Anderson own the 1957 Oldsmobile involved in the accident at the time he purchased the Family Combination Automobile Insurance Pol-

icy from Bankers Fire and Marine Insurance Company? *Yes*

"9. Was it the intent of Bankers Fire and Marine Insurance Company that the Family Combination Automobile Insurance Policy issued by them to Eugene Earl Anderson was to cover the 1957 Oldsmobile involved in this accident in addition to the vehicle described in the policy? *No*

"10. Was it the intent of Eugene Earl Anderson that the Family Combination Automobile Insurance Policy purchased by him from Bankers Fire and Marine Insurance Company was to cover the 1957 Oldsmobile involved in this accident in addition to the vehicle described in the policy? *No*"

■ By his request for instruction No. 12,[1] the plaintiff Mallitz made clear to the court his contention that findings 9 and 10 were not material. See Rule 46, Federal Rules of Civil Procedure. It was the duty of the court to make findings on any issues of fact as to which the parties had waived a jury finding under Rule 49(a), Federal Rules of Civil Procedure. It was further the duty of the court to direct the appropriate judgment to be entered upon the special verdict. Rule 58, Federal Rules of Civil Procedure. The question of whether the judgment in favor of Bankers Fire was the proper judgment to be entered is, in our opinion, preserved for review, notwithstanding plaintiff's failure to move for a directed verdict under Rule 50, Federal Rules of Civil Procedure.

The reliance of Bankers Fire on Pruett v. Marshall, 5 Cir., 1960, 283 F.2d 436, is misplaced. That appeal was from a judgment entered upon a general verdict. In such a case, the rule is well established that failure to move for a directed verdict precludes a review as to the sufficiency of the evidence. Roberts v. Sawyer, 10 Cir., 1958, 252 F.2d 286. Here, the question is not as to the sufficiency of the evidence, but as to the proper judgment to be entered upon the special verdict. On that question Bankers Fire does not even attempt in its brief to sustain the judgment entered in its favor.

■ The reason is apparent. In Lejeune v. State Farm Mutual Automobile Insurance Co. et al., La.App.1958, 107 So.2d 509, it had been held that the original intent as to coverage or lack of coverage on an automobile not named in a Family Combination Automobile Policy "could only have been maintained or preserved by an exclusion provision * *" 107 So.2d 526. The district court declined to follow that holding, saying:

"The Court is of the opinion that the Lejeune case, supra, was applicable to a peculiar set of circumstances occurring during the transition period between the time of the general use of the Standard Automobile Insurance Policy and the advent of the Family Combination Automobile Insurance Policy, and that the decision in that case is not controlling under the circumstances of the present case."

Mallitz v. Bankers Fire and Marine Insurance Co., et al., supra, 204 F.Supp. 310, 311.

---

1. *"PLAINTIFF'S REQUEST FOR INSTRUCTION NO. 12*

"Under the so-called family automobile policy as is in question in this matter the question of original intent as to coverage or lack of coverage on the 1957 Oldsmobile between Bankers Fire & Marine Insurance Company and Eugene Anderson is only applicable where an exclusion provision is issued by the company. And, if you find that no exclusion provision as to the 1957 Oldsmobile was issued, then, therefore, you must not consider *the intention of the parties as to* coverage or lack of coverage.

"Lejeune vs. State Farm Mutual Automobile Insurance Company, et als., (First Circuit–1958), 107 So.2d 509. Rehearing denied January 5, 1959; Writ of Certiorari denied February 16, 1959.

"Denied."

One month after the entry of judgment in this case, the Supreme Court of Louisiana reviewed and approved the reasoning of the Lejeune case, and applied its holding to facts which cannot be distinguished from the present case. Indiana Lumbermens Mutual Insurance Co. v. Russell, La.1962, 142 So.2d 391. It results that the district court erred in entering judgment in favor of Bankers Fire, and should enter an appropriate judgment against that Company.

The judgment against Traders and General is affirmed. The judgment in favor of Bankers Fire is reversed with directions for the entry of an appropriate judgment. The costs of appeal are taxed equally against Traders and General and Bankers Fire.

Affirmed in part, and in part reversed with directions.