89 So.2d 514 (1956)
Dr. Frank B. PAZ
v.
IMPLEMENT DEALERS MUTUAL INSURANCE COMPANY.
No. 20663.
Court of Appeal of Louisiana, Orleans.
June 25, 1956.
Rehearing Denied October 3, 1956.
Hammett & Bertel, New Orleans, for defendant-appellant.
John P. Yuratich and Frank J. D'Amico, New Orleans, for plaintiff-appellee.
REGAN, Judge.
Plaintiff, Dr. Frank B. Paz, instituted this suit against the defendant, Implement Dealers Mutual Insurance Company, his insurer, endeavoring to recover, by virtue of the terms of a policy of collision insurance issued on July 27, 1953 and terminating on April 6, 1955, the sum of $1,140, representing $1,000 expended for repairing his automobile and $140 for the rental of a car, the loss of which sums were incurred as a result of an accident occurring near Myrtle Grove, Louisiana, on February 4, 1954.
Defendant answered and admitted that it issued the policy of insurance to the plaintiff, but denied liability thereon for the reason that the policy had been cancelled as of August 27, 1953, which was approximately five months prior to the date of the accident and the premium returned to the plaintiff in conformity with the provisions of LSA-R.S. 22:636.
From a judgment in favor of plaintiff in the amount of $1,000, defendant has prosecuted this appeal.
The record reveals that on April 6, 1953, Dr. Paz acquired a 1953 Oldsmobile from the Auto Sales Company. The balance due on the purchase price was financed by the Associates Discount Corporation, the terms of which required that Dr. Paz procure a policy of collision insurance on the vehicle. This insurance was obtained by the Chris Arnos Insurance Agency from the *515 Central Manufacturing Mutual Insurance Company. In accordance with the terms of the agreement to finance the purchase of the car, Associates Discount Corporation issued its check to the Chris Arnos Insurance Agency in payment of the premium therefor. On July 7, 1953, this policy of collision insurance was cancelled and then replaced by the Chris Arnos Insurance Agency with a policy obtained from the Implement Dealers Mutual Insurance Company secured from B. R. Schwartz & Company, who was the defendant's agent. The premium covering this policy was paid to defendant's agent by the Chris Arnos Insurance Agency.
On February 24, 1954, the accident which provoked this litigation occurred and, thereafter Dr. Paz made demand upon defendant for payment of the cost of repairing his automobile. Defendant refused to pay therefor predicated on its opinion that the policy was cancelled. In substantiation thereof defendant introduced in evidence depositions attesting to the fact that notices of cancellation of the policy of insurance were dated, addressed and mailed from Birmingham, Alabama, on August 27, 1953, to Dr. Paz and to Associates Discount Corporation in New Orleans and receipts obtained from the Post Office were likewise introduced in evidence to prove that these notices were actually mailed to the foregoing parties. The notices of cancellation read:
"You will, therefore, please take notice at the expiration of ten days from the receipt of this notice, the * * * said policy * * * will * * * cease to be in force."
Dr. Paz testified that he had never received the above notice of cancellation from the defendant.
Joseph E. Roullier, Office Manager for Associates Discount Corporation testified that neither he nor his office had ever received a notice of cancellation.
Bertram R. Schwartz, who was the agent for the defendant, testified that the first knowledge that he had of the cancellation of this policy was after the accident had occurred and the demand for payment in conformity with the terms thereof had been made by the plaintiff.
Neither Dr. Paz nor Associates Discount Corporation ever received the return of the premium paid for the policy from either B. R. Schwartz Company or the Chris Arnos Insurance Agency.
Defendant, as we have related hereinabove, maintains that the policy issued by it was cancelled in compliance with the requirements of LSA-R.S. 22:636 on August 27, 1953, which was prior to the occurrence of the collision and, therefore, there can be no recovery by the plaintiff from the defendant on this policy of insurance.
LSA-R.S. 22:636 provides:
"Cancellation by insurer
"A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
"(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
"(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder."
Plaintiff concedes arguendo that ordinarily the "mere mailing of the notice" by the insurer to the insured and the mortgagee in compliance with the foregoing paragraphs of the Louisiana Insurance Code may effectively operate to cancel the policy of insurance, but he asserts that this is not *516 the question posed for our consideration because the "written notice of cancellation" mailed by the defendant to plaintiff went beyond the minimum requirements of the statute, and stipulated that the policy "at the expiration of ten days from the receipt of this notice * * * will * * * cease to be in force" and, therefore, since plaintiff has proven that the "notice of cancellation" was never "received by him or the mortgagee" the policy is still in force and defendant is liable as a result thereof. To substantiate this contention plaintiff points to the pertinent portion of the notice of cancellation which reads:
"You will, therefore, please take notice at the expiration of ten days from the receipt of this notice, the * * * said policy * * * will * * * cease to be in force."
The trial court was obviously of the opinion that the "notice of cancellation" mailed by defendant requiring "receipt" thereof by plaintiff in order to cancel the policy superseded the minimum requirements of the statute and since plaintiff had proven that neither he nor the mortgagee actually received the notice the policy was never cancelled. Our examination of the record fails to reveal any factual or legal errors in the trial judge's conclusions.
It may be true[1] that the mere mailing of the notice of cancellation in compliance with LSA-R.S. 22:636 by depositing it in a sealed envelope, directed to the addressee (insured) at his last address as shown by the records of the insurer, with proper prepaid postage affixed, in a letter depository of the United States Post Office is sufficient to cancel the policy of insurance regardless of actual receipt of the notice by the insured. However, the defendant chose to do more than the statute required, that is, the effectiveness of the notice, with respect to cancellation of the policy, after being mailed to plaintiff by defendant, was further predicated on the actual receipt thereof by the plaintiff. Of course, the presumption is that a letter properly addressed and deposited in the United States Post Office is received by the addressee, but that presumption is rebuttable. Plaintiff testified that he had never received the notice of cancellation dated August 27, 1953. Joseph E. Roullier, Office Manager for the Associates Discount Corporation, the mortgagee, asserted that neither he nor his office received a notice of cancellation dated August 27, 1953. Both counsel concede that plaintiff was indebted to the Associates Discount Corporation on that date for an amount in excess of $2,800 and its interest would have been seriously jeopardized by a cancellation of the collision insurance. Certainly if such a notice had been received by it we are convinced that it would have acted thereon as a matter of sheer self-preservation.
B. R. Schwartz, defendant's agent, related that the first knowledge he had of the cancellation of the policy was after the accident occurred and demand for payment of plaintiff's damages had been made upon him. This is likewise convincing testimony because Schwartz never attempted, to date, to return the unearned premium to the plaintiff, although defendant in its deposition laboriously asserted that "* * * we wrote to the agent requesting that the policy be returned for cancellation * * *" but the "agent did not comply with our request * * *."
It is fundamental that the insurer must successfully carry the burden of establishing the facts which limit or relieve its liability. We are of the opinion that the defendant has not borne the burden of proving its special plea of cancellation of the policy of insurance. To the contrary, the plaintiff has clearly shown that the policy was in full force and effect when the collision occurred.
In oral argument before this court respective counsel conceded that the plaintiff's *517 car had been damaged and if liability existed by virtue of the policy, the sum to be recovered by plaintiff amounted to $1,000.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] We believe that this point of law is not posed for our consideration.