116 So.2d 520

William J. SKIPPER

v.

FEDERAL INSURANCE COMPANY.

No. 43869.

Dec. 14, 1959.

George Fink, Monroe, for plaintiff-appellant.

Oliver, Digby & Fudickar, Monroe, for defendant-appellee.

VIOSCA, Justice.

The controversy in this case arises out of a claim for damages on a collision policy which defendant refused to pay on the grounds of cancellation of the policy un-

der the provisions of LSA–R.S. 22:636 by the mere mailing of notice of cancellation to plaintiff and to the Central Savings Bank & Trust Company, the loss payee named in the policy of insurance.

Plaintiff brought suit against the defendant alleging that the defendant was indebted to him under a policy of insurance for damages to his truck-trailer sustained on June 5, 1957, in the amount of $2,743 together with statutory penalty of 12 per cent as damages, and for the sum of $1,000 as attorney's fees with legal interest from date of judicial demand until paid, and for all costs of the suit. Defendant answered alleging that the policy of insurance sued on had been legally cancelled on June 2, 1957, by notice of cancellation mailed on May 22, 1957, to plaintiff and to Central Savings Bank & Trust Company, the mortgagee shown on the policy. After trial, the district judge rejected the demands of the plaintiff and the plaintiff has appealed to this Court.

In this case there is no question as to the issuance of the policy of insurance, nor as to the accident or loss which occurred on June 5, 1957. The only question presented for our determination is whether the policy of insurance was cancelled on June 2, 1957 and not in force at the time of the accident.

It is the contention of the defendant that notice of cancellation stating that the policy was cancelled as of June 2, 1957, was

mailed on May 22, 1957, to plaintiff at his address listed in the policy as West Monroe, Ouachita Parish 562, Louisiana, and to Central Savings Bank & Trust Company at Monroe, Louisiana, by depositing two sealed envelopes, with proper prepaid postage affixed, in a letter depository of the United States Post Office in New York City. Defendant contends that these letters were never returned to it and that the mailing is sufficient under LSA–R.S. 22:636 to effect cancellation.

Plaintiff contends that notice of cancellation was never received by him, nor was such notice received by the Central Savings Bank & Trust Company; that the notice sent to him was not sent to the correct address which was known to the agent of the defendant to be Box 11263, Tampa 10, Florida; that since no notice was given to Central Savings Bank & Trust Company, the provisions of LSA–R.S. 22:636 have not been complied with and the policy was in full force and effect at the time the accident occurred. Plaintiff contends that the refusal by defendant to pay the damage was arbitrary, capricious, and unwarranted and thus defendant is liable for statutory penalties and attorney's fees.

According to the evidence in the record the plaintiff is engaged in the business of hauling produce in Florida and California and spent all of his time in either of these two places. Plaintiff had previously lived in West Monroe, Louisiana, and had done business with Chevise Sherrouse, an agent of the defendant, doing business as Sherrouse Insurance Agency, Inc., with an office in West Monroe. Plaintiff employed an accountant, John T. Williams, who lived in West Monroe to handle his insurance business with Sherrouse. At the time that the policy in question was drawn up, plaintiff was not present and the transaction was handled by Williams and Sherrouse, and the address listed in the policy was West Monroe, Louisiana. Williams had on many occasions received mail in West Monroe for plaintiff and this mail was forwarded to plaintiff in Tampa, Florida. Sherrouse testified that he knew the plaintiff could be reached at the address in Tampa, Florida and had on one occasion written him there.

Both plaintiff and Mr. Bird, vice-president of Central Savings Bank & Trust Company, testified that neither had received a notice of cancellation. Mr. Bird testified that the unearned premium was sent by defendant to his bank but refused by it on July 1, 1957.

Defendant introduced in evidence an affidavit, by an employee of the mailing room of defendant company, to the effect that notices of cancellation were sent to plaintiff addressed West Monroe, Louisiana, and Central Savings Bank & Trust Company, addressed Monroe, Louisiana, by registered mail on May 22, 1957. Defendant also introduced two post office receipts

showing that these letters were received in ordinary mail by the post office in New Jersey. A letter was introduced showing that the notices were never returned to the defendant. Defendant concedes that the notices were sent by ordinary mail although the affidavit of its employee states that they were sent registered.

Defendant contends that under the provisions of the Insurance Code of this state, Title 22, Section 636 of the Revised Statutes, the mailing of notice of cancellation is all that is necessary and proof of the mailing creates a prima facie presumption of delivery; that under the statute notice of cancellation to either plaintiff or the loss payee is sufficient.

Plaintiff contends that evidence of mailing of notice created a prima facie presumption of delivery which was completely rebutted by the positive testimony of plaintiff and Mr. Bird that these notices were never received by them; that under LSA–R.S. 22:636 notice must be given to both the insured and the loss payee; that the knowledge of the agent Sherrouse as to the correct address of plaintiff in Tampa, Florida, was chargeable to the company and the mailing of the notice to West Monroe, the address stated in the policy, was not proper notice since the provisions of the statute prevail over provisions of the insurance policy.

The pertinent provisions of LSA–R.S. 22:636 read as follows:

"§ 636. Cancellation by insurer.

"A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:

"(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.

"(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.

"B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.

"C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.

"D. The portion of any premium paid to the insurer on account of the policy, unearned because of the cancellation and in amount as computed on the pro rata basis, must be actually paid to the insured or other person entitled thereto as shown by the policy or by any endorsement thereon, or be mailed to the insured or such person as soon as practicable following such cancellation. Any such payment may be made by cash, or by check, bank draft, or money order."

While it is true that there is a prima facie presumption of delivery under the statute quoted above upon proof of proper mailing, this presumption is rebuttable by positive evidence of lack of delivery or receipt. Paz v. Implement Dealers Mutual Insurance Company, La. App., 89 So.2d 514. Not only must there be proof of proper mailing but the statute provides that this notice must be "directed to the addressee at his *last address as* *known to the insurer* or as shown by insurer's records" in order for the notice of cancellation to be effectual. (Italics ours.)

The address of "West Monroe, Louisiana" was known to the agent of defendant, Sherrouse, to be the address of Williams, plaintiff's accountant. Defendant's agent likewise knew that the plaintiff could only be reached at the address in Tampa, Florida, which was his last address as known to the insurer. Where the insurer has definite knowledge that the insured's address has been changed from that given in the policy, notice of cancellation mailed to an address in the company's records is ineffectual.[1] The knowledge of the agent as to the correct address is binding on the company.[2]

The insurer relies on a provision in the policy reading: "This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice." The provisions of LSA–R.S. 22:636 that the mailing of such notice shall

1. Dutton v. Harmonia Insurance Company of Buffalo, N.Y., 191 La. 72, 184 So. 546; Long v. Home Indemnity Co. of New York, La.App., 169 So. 154.
2. Ellzey v. Hardware Mut. Ins. Co. of Minnesota, La.App., 40 So.2d 24, 28.

Therein the court stated: "The companies were bound by the knowledge of their agent of the correct business address of the plaintiff and the notice to have effect should have been correctly addressed."

be "directed to the addressee at his last address as known to the insurer or as shown by the insurer's records" form part of the policy and necessarily supersede any contradictory provisions in the policy.

■ We cannot agree with the defendant that even if the notice to the plaintiff was ineffectual, the notice mailed to the Central Savings Bank & Trust Company was sufficient to cancel the policy. As we interpret LSA–R.S. 22:636 the use of the words "either or both" in regard to the insured and the loss payee means only the insured when he is the only one in interest, but notices must be sent to both the insured and the loss payee when such exists and is named in the policy. Any other interpretation in our opinion would be in utter disregard of the very language of the statute that "Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder."

■ In cases where the insurer defends on the ground of cancellation, the insurer carries the burden of establishing the facts which relieve or limit its liability.[3] We do not believe that the defendant herein has successfully carried that burden and we therefore conclude that the policy of insurance was in full force and effect at the time of the accident and loss on June 5, 1957.

Plaintiff claims statutory penalties and attorney's fees and it must be determined whether under the facts the plaintiff is entitled to such.

LSA–R.S. 22:658 provides that where the failure of the insurer to make payment under its policy within 60 days after receipt of proof of loss is found to be arbitrary, capricious or without proper cause, the insured is entitled to receive 12% damages on the total amount of the loss, payable to the insured, together with all reasonable attorney's fees for the prosecution and collection of such loss.

■ The language in Carlisle v. American Automobile Insurance Company, 229 La. 717, 86 So.2d 683, 686, is decisive herein: "The evidence as a whole convinces us that the defendant was in good faith in its belief that the policy under which this suit was brought was effectively cancelled and not reinstated insofar as it covered the interest of the insured and that it did not arbitrarily refuse or disclaim any monetary liability for loss claimed under the terms of the policy." Paraphrasing the language used therein: The evidence as a whole convinces us that the defendant was in good faith in its belief that the policy under which this suit was brought was effectively cancelled by the notices of

3. Long v. Home Indemnity Co. of New York, supra and Paz v. Implement Dealers Mutual Insurance Company, supra.

cancellation mailed to plaintiff and the Central Savings Bank & Trust Company and that it had the right to litigate the question of the effectiveness of the mailing of said notices. (See also McMahon v. Manufacturers Casualty Insurance Co., 227 La. 777, 80 So.2d 405, wherein the court refused to assess penalties holding that the refusal was not arbitrary or capricious.)

For the reasons assigned, the judgment of the trial court is reversed and set aside, and there is now judgment in favor of plaintiff-appellant in the full sum of $2,-743, with interest from the date of judicial demand until paid; all costs to be paid by defendant-appellee.

**116 So.2d 525**