LOTTINGER, Judge.
This case results from an automobile accident between a truck driven by Eugene Morris and owned by his employer, Orell Brown, and a 1953 Ford automobile owned by Mrs. Olevia McNeese. The petitioner filed suit against the defendants, Eugene Morris, the employee, Orell Brown, Morris’ employer, and Southern General Insurance Company, Brown’s insurer. The defendant, Orell Brown filed a third party demand against Southern General Insurance Company and Cutrer Insurance Agency, Inc. After trial on the merits, the Lower Court rendered judgment in favor of petitioner and against Orell Brown and Eugene Morris in the sum of $757.67. The Court further gave judgment in favor of Southern General Insurance Company dismissing the suit as against it, and rendered a judgment in favor of Orell Brown and against Cutrer Insurance Agency for $757.56, less a credit of $148.16. The third party demand against Southern General Insurance Company was rejected by the Lower Court. The Cutrer Insurance Agency took a suspensive appeal. The plaintiff herein has appealed against the ruling in favor of Southern General Insurance Company.
The facts disclose that on April 7, 1961, Eugene Morris, while operating a 1959 Chevrolet, 2 ton pulp wood truck owned by his employer, Orell Brown, ran into the rear of a 1953 Ford automobile owned by Mrs. Olevia McNeese, the petitioner. This collision resulted in both property and personal damages to petitioner. There is no dispute with regard to the liability of the defendants as to the accident, the only serious question being as to whether or not there was any liability insurance involved.
The testimony shows that the Cutrer Insurance Agency, Inc. had insured all of Orell Brown’s trucks for a number of years. Brown’s trucks worked for Mr. and Mrs. Cecil Rester in the hauling of pulp wood, and Cutrer Insurance Agency, Inc., hereinafter referred to as Cutrer, was handling the liability insurance on the vehicles owned by a number of producers who worked with Mr. and Mrs. Rester. Cutrer would forward a bill for the insurance, and Mrs. Rester would periodically deduct certain amounts from the pay checks to the producers, and would periodically forward said amount to Cutrer to be applied to the various accounts of the producers. Cutrer was unable to write this particular liability insurance and so, acting as a broker, referred the matter to Tri-State General Agency, Inc. of Bossier City, Louisiana, who issued a policy on Orell Brown’s truck with the Southern General Insurance Company.
The ledger sheet of Cutrer shows that as of January 20, 1961 the balance due by Orell Brown was in the sum of $438.60. On February 20, 1961 a payment of $40.00 was made on this account reducing the balance to $397.70, and on February 28, 1961 an additional payment of $125.00 was made, which reduced the balance to $272.70. The full amount of the sum due the insurance company was advanced by Cutrer Agency, and the balance due by Brown was carried by Cutrer on open account.
During the month of February, 1961 Mr. Cutrer spoke to Mrs. Rester about the insurance problems of Orell Brown and some other producers, and told her that he was no longer in a position to carry their balances, and that he was going to have their policies cancelled. Pursuant to that conversation he wrote Tri-State General Agency requesting that they send out notices of cancellation of the Orell Brown policies “for non-payment of premium”. This notification was mailed by the Tri-State Agency, and there is no question but that both Mrs. Rester and Orell Brown knew of the cancellation of the policy of insurance which is in question.
The record further shows that subsequent to the receipt of this notice of cancellation Mrs. Rester spoke to Mrs. Cutrer relative to the cancellations, and the third party petitioner, Orell Brown, takes the position that Mrs. Cutrer assured Mrs. Rester that *325 the policies were not going to be cancelled and that the notice of cancellation should be ignored. Mrs. Cutrer, on the other hand, contends that she did speak to Mrs. Rester and told her that she would speak to her husband about the matter, but that she made no statement as to what if any action would be taken by him, and that she certainly did not tell Mrs. Rester that the policy would not be cancelled. It was on this particular point in question that the Lower Court held Cutrer responsible in damages on the third party petitioner.
The record further shows that the notice of cancellation was mailed by TriState on February 28, 1961, and was addressed to Orell Brown at 605 Bayer Street, Bogalusa, Louisiana. The return premium on the cancellation of the policy in question, in the sum of $56.36, was returned to Cutrer which credited Orell Brown’s account. On April 10, 1961 an additional payment of $50.00 was made on the account by Mrs. Rester, the accident happened on April 7.
Petitioner and Orell Brown takes the position that Tri-State had no right to cancel the policy because such authority was not specifically granted them by the agency agreement under which they operated. The Lower Court held that Tri-State did have the right, as a general agency, to cancel any policy which it had originally issued. We believe that the Lower Court was correct in this respect, and the record shows that the company assented to the cancellation by forwarding the return premium on the policy in question to Cutrer.
There is no question in our minds but that the policy was cancelled and therefore, certainly Tri-State and Southern General Insurance are without liability. We believe that the Lower Court was correct in its findings in this regard.
With regard to the conversation between Mrs. Rester and Mrs. Cutrer subsequent to the cancellation of the policy, Mrs. Cutrer testified that, as a courtesy to the Resters, Mr. Cutrer wrote them advising them that it was necessary to cancel the policies because he could not carry the producers on open account any longer. Mrs. Cutrer testified that after receiving the letter, Mrs. Rester called her and during the course of the conversation told Mrs. Rester that she would talk with her husband about it. Mrs. Cutrer testified that she did speak with her husband but that he would not reverse his decision and he then forwarded his letter to the Tri-State Agency requesting cancellation of the Brown and other policies.
Mrs. Rester, on the other hand, testified that Mrs. Cutrer called her and she was assured by Mrs. Cutrer that the policy would be reinstated as of that date. Now why the Lower Court would accept the testimony of Mrs. Rester and totally ignore and disregard the testimony of Mrs. Cutrer we do not know. Certainly the testimony of Mrs. Cutrer is the more logical, i. e., that upon receiving the letter that the policy would be cancelled Mrs. Rester called the Cutrer Agency to determine the reason. Furthermore, we certainly do not believe it logical for Mrs. Cutrer, upon finding that her husband had mailed a letter to the Rest-ers telling them that the policy would be cancelled, to call Mrs. Rester and assure her that despite what was stated in the letter written by her husband the policy would not be cancelled. We believe that the decision of the Lower Court in this regard was erroneous, and certainly the petitioner in the third party demand has failed to prove his case by a preponderance of the evidence. The third party demand therefore should have been dismissed.
For the reasons hereinabove assigned, the judgment of the Lower Court is amended so as to dismiss the third party demand against Southern General Insurance Company and Cutrer Insurance Agency, Inc., and as amended, the decision of the Lower Court is affirmed. All costs of this appeal shall be paid by petitioner.
Judgment amended and affirmed.