HENRY F. TURNER, Judge pro tem.
This is a suit for personal injuries and property damage resulting from an automobile accident. The case is before this court on an appeal from a judgment sustaining a peremptory exception of no cause and no right of action filed by the defendant insurer.
State Farm Mutual Automobile Insurance Company intervened in this suit seeking reimbursement of money they had paid plaintiff for damages to his automobile under a collision insurance policy. From the judgment of the district court the plaintiffs and intervenor have perfected a devolu-tive appeal to this court.
The basis of the insurer’s exception was the fact that less than one month before the accident in question it had cancelled an insurance policy previously issued to the person allegedly liable for the accident and which covered the automobile involved in this accident
*160 The exception was filed after answer, and plaintiffs contend that, LSA-C.C.P. art. 929, it should not have been tried, as it was, before trial of the case on the merits. This is true, but plaintiffs were present at the trial of the exception, had a full opportunity to present evidence, and made no obj ection at that time to the special trial of the rule. We think they waived their right but cannot find that they were in any way prejudiced by the early trial of the exception. They are dilatory in waiting this long to press this complaint, and we see no basis for allowing a new trial of the exception.
The defendant insurer proved that they had mailed notices of cancellation to the address of record on the policy and to the insured’s home. The insured’s wife admitted receiving the latter notice. The plaintiffs complain, though, that the insurer knew that the insured was in the hospital at this time and should have notified him there.
We think the notice met the requirements of LSA-R.S. 22:636 for can-celling the policy. That statute provides:
“A. Cancellation by the insurer of any policy which by its terms is con-cellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following :
“(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
* * 5¡í * * *
“B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records anysuch item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
“C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.”
Notice to an insured at his record address on the policy and his actual permanent residence, to which the insured had returned after cancellation of the policy and before the accident, meet all the requirements of the statute in question and the jurisprudence thereunder. See Skipper v. Federal Ins. Co., 238 La. 779, 116 So.2d 520; Ellzey v. Hardware Mutual Ins. Co., La.App., 40 So.2d 24.
The decree of the lower court is therefore affirmed.
Affirmed.