BARNETTE, Judge.
These consolidated cases arose out of an automobile accident which occurred on June 22, 1968. Allstate Insurance Company had issued a liability policy covering one of the automobiles but had given notice of cancellation effective February 25, 1968. It denied coverage on the date of the accident. Motion for summary judgment on behalf of Allstate was maintained and judgment rendered dismissing both suits as to Allstate. Anthony Cuccia, plaintiff in proceeding #4502 and defendant and third party plaintiff in proceeding #4503 appealed. The only issue on this appeal is whether Allstate effectively can-celled Cuccia’s insurance pursuant to LSA-R.S. 22:636 prior to the date of the accident.
Anthony Cuccia owned an Oldsmobile automobile, the purchase of which was financed by Bank of Louisiana in New Orleans. Allstate issued a policy of insurance on said automobile with the usual loss payable clause in favor of the mortgagee as its interest may appear, with coverage dates from October 4, 1967 through October 4, 1968.
As a result of the accident of June 22, 1968 the automobile was damaged beyond repair and treated as a total loss. In proceeding No. 4502, the insured, Cuccia seeks recovery of $1,300.00 being the alleged value of the automobile above the mortgage balance and medical payment benefits and other alleged losses.
In proceeding No. 4503 the plaintiff, Albert Porter, seeks recovery of damages from Cuccia and Allstate in solido for alleged personal injuries. In that proceeding Cuccia made Allstate a third party defendant for such judgment as might be rendered against him and, additionally, attorney’s fees for defense of the suit. Maryland Casualty Company intervened in that suit for recovery, as subrogee, of the amount paid its insured, Porter, under the uninsured motorist provision of Porter’s insurance policy. Maryland has not ap-. pealed and has made no appearance in this court and apparently has no interest in this appeal.
The pertinent facts, which are either admitted or shown by exhibits filed in support of or in opposition to the motions for summary judgment are as follows:
Allstate’s policy of insurance was issued to Cuccia at his then address, 617 Darlene Avenue, Metairie, Louisiana. In November, 1967, the exact date not stated, Cuccia allegedly moved to Hammond, Louisiana. He did not notify Allstate of his change of address, but did give notice to the Post Office to forward his mail. He stated by affidavit that certain mail was forwarded to him pursuant to his request.
*62 On February 12, 1968 a notice of cancellation for non-payment of premium was mailed to Cuccia at the address stated in the policy, 617 Darlene Ave., Metairie, La., notifying him of cancellation effective February 25, 1968. It was not returned to Allstate. Cuccia denied that it was received. He did not learn of the purported cancellation until after the accident and had made claim for benefits.
It is admitted that Bank of Louisiana in New Orleans was not given notice of cancellation and Allstate paid the bank the full amount of the mortgage balance.
After Cuccia’s alleged change of address he, on January 8, 1968, made request for an additional automobile coverage giving his address as 617 Darlene Avenue, Me-tairie. Other exhibits filed by Allstate indicate that all matters pertaining to his insurance gave the same address and the only address known to Allstate was 617 Darlene Avenue, Metairie, La.
Cancellation of insurance by the insurer must be in compliance with LSA-R.S. 22:636, which in pertinent part (at the time in question)[1] was as follows:
“A. Cancellation by the insurer of any policy which by its terms is cancella-ble at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
“(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
“(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.
“B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
“C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed. * * * ”
Appellant strenuously contends that the deposition, exhibits, answers to interrogatories admission and affidavits and his denial of having received notice of cancellation present genuine issues of material fact and hence summary judgment cannot be rendered. LSA-C.C.P. art. 966.
The facts as above related are amply supported by the affidavits, deposition and exhibits submitted in support of or in opposition to the motion for summary judgment. Appellant’s contention on this appeal is based on his non-receipt of the cancellation notice as asserted in his affidavit. Allstate does not contend that he received the notice but merely, as its affidavit asserts, that it was mailed to Cuccia “ * * * at his last address as known to the insurer or as shown by the insurer’s records * * * ”.
Neither disputes the other’s affidavit. The receipt or non-receipt of the notice is not an issue of material fact. The undisputed affidavit and exhibits filed by Allstate in support of its motion for summary judgment show a compliance with the statutory requirements. The burden then shifted to the insured to rebut the prima facie presumption of such fact.
*63 A question of compliance with the statutory requirement of notice of cancellation was an important issue in Breitenbach v. Green, 186 So.2d 712 (La.App. 4 Cir. 1966). The attempted notice of cancellation mailed to insured at the address shown in the policy was returned marked “unknown’’. The insurer placed the returned notice in its files and made no further attempt to notify the insured. The insured’s alleged employment was a factor in the reasons for cancellation, so insurer knew the insured’s business address.
It should be emphasized that the statute requires that the notice be “delivered” or “mailed” and if the insurer elects to mail the notice it must be to the insured’s “ * * * last address as known to the insurer or as shown by the insurer’s records * * (emphasis added). In Brieten-bach we held that mailing to the address shown in the policy was not enough when the insured knew it was no longer the address of insured and with little or no difficulty could have known the correct address, or made actual delivery of notice at her place of employment.
We must agree with counsel for appellant that the prima facie presumption created by the statute is rebuttable, but the presumption is not that the notice was received, but that it was properly mailed to the proper address. There is nothing in the record before us on this appeal to rebut the affidavit of the insurer that notice was so mailed, except as may be inferred from Cuccia’s assertion that it was never received.
The cases cited and relied upon by appellant are not in conflict with our opinion in this case. These and other cases were discussed and distinguished by us in Breitenbach v. Green. See 186 So.2d at p. 717. In Paz v. Implement Dealers Mutual Ins. Co., 89 So.2d 514 (La.App. 4th Cir. 1956) the insured’s notice by its own terms went beyond the requirements of the statute and made the cancellation effective 10 days from the receipt of the notice and the insured successfully proved that the notice was not received.
In Thibeau v. Le Blanc, 198 So.2d 707 (La.App. 1st Cir. 1967) the Court held that the fact that neither the insured nor the bank with loss payable interest received notice of cancellation and that no unearned premium was returned was proper evidence to consider in rebuttal of the presumption that the notice was in fact mailed. The court said:
“If both notices of cancellation had actually been mailed, as testified by Connecticut’s employees, it is extremely unlikely that both Mr. LeBlanc and the mortgagee bank would have failed to receive same. We therefore concur in the decision of the Lower Court to the effect that the policy of insurance issued by Connecticut had not been canceled at the time of the accident.’’ 198 So.2d at p. 713.
An additional factor in that case was that the local agent knew of the proposed cancellation and made no attempt to notify the insured with whom he had close contact daily. The trial judge’s finding of fact on this issue was given great weight by the Appellate Court.
In Skipper v. Federal Insurance Company, 238 La. 779, 116 So.2d 520 the Court applied the rule for rebuttal of the prima facie presumption by positive evidence of lack of delivery or receipt. But the court placed great importance on the fact that the notice was not mailed to the insured’s “last address as known to the insurer” (Emphasis in the original). The insured proved that the insurer knew his address to be other than that to which the notice was addressed. In this case there is no contention, nor evidence to indicate that Allstate had knowledge of any address of insured except the Metairie address.
Traders and General Insurance Company v. Mallitz, 315 F.2d 171 (U.S.C.A. 5th Cir. 1963) also cited by appellant merely stated and applied the rule of rebuttal as *64 applied in the Louisiana jurisprudence citing the foregoing cases.
Within the guidelines established in our jurisprudence we must hold that the mere denial of receipt of notice by the insured with no other evidence tending to rebut the prima facie presumption of mailing as required by the statute, is not sufficient to rebut the presumption. Cuccia’s denial of receipt standing alone does not therefore raise a genuine issue of material fact and the summary judgments will not be disturbed.
In this case the mortgagee bank with a loss payable interest was not given notice of cancellation. In Skipper (supra) the mortgagee bank was given notice and the Court said:
“[4] We cannot agree with the defendant that even if the notice to the plaintiff was ineffectual, the notice mailed to the Central Savings Bank & Trust Company was sufficient to cancel the policy. As we interpret LSA-R.S. 22:636 the use of the words ‘either or both’ in regard to the insured and the loss payee means only the insured when he is the only one in interest, but notices must be sent to both the insured and the loss payee when such exists and is named in the policy. Any other interpretation m our opinion would be in utter disregard of the very language of the statute that ‘Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.’” 116 So.2d at p. 524.
Appellant has given a literal interpretation to the foregoing statement of the court from which premise he argues that there can be no effective cancellation as to either party unless notice is given to both the insured and the mortgagee. We do not think the court intended this meaning. Obviously, the intent of the statute is that no cancellation can be effective against one having an interest except upon notice to him and hence a notice to the bank only (as in Skipper) is not effective as to the insured, who is the primary party in interest. In this case notice to the insured only, even if it had been received, would not effectively cancel as to the mortgagee. The insurer recognized this and made payment accordingly. This was in keeping with the rationale of Skipper. Whether notice to the mortgagee only will effectively cancel its interest without notice also to the insured is a question we need not consider in this opinion. The timeliness of the notice and the opportunity of the mortgagee to require the insurer to obtain other insurance are factors which conceivably could have an important bearing on that question.
The Skipper case was cited as authority in support of the courts’ opinions in Wisconsin Barge Line Inc. v. Coastal Marine Transport Co., 285 F.Supp. 264 (U.S.D.C., E.D., La. (1968) and universal C.I.T. Corp. v. Kennedy, 185 So.2d 542 (La.App. 1st Cir.1966). Under the facts of those cases, there is an analogy to the situation in Skipper and we find nothing in them to alter our interpretation of the Skipper opinion.
The jurisprudence places the burden upon the insurer to prove by clear and unequivocal evidence its compliance with the requirements of the statute to effect a cancellation of insurance. The affidavits and exhibits in support of the motions for summary judgment in these cases discharge that burden.
The judgments in each of these consolidated cases maintaining the motions for summary judgment and dismissing these suits as to Allstate Insurance Company are each affirmed at appellants’ cost.
Judgments affirmed.
LEMMON, J., dissents with written reasons.

. An amendment to this section by Act 632 of 1968 does not affect the issues in this case.