HOOD, Judge.
Roy Broadway instituted this suit to recover from All-Star Insurance Corporation the face amount of an inland marine insurance policy, plus penalties and attorney’s fees. The defendant insurer denied liability on the ground that the policy had been cancelled prior to the loss. The trial court rendered judgment in favor of plaintiff, and defendant has appealed.
The issues to be resolved are: (1) Was the cancellation issued upon proper authority? (2) Was the cancellation effective under LSA-R.S. 22:636? (3) Was defendant arbitrary and capricious in failing to pay the amount claimed by plaintiff?
In April, 1970, Broadway purchased a Taylor log skidder Model S-81 to use in his logging business. To enable him to make this purchase, he borrowed $10,000.-00 from the Exchange Bank & Trust Company of Natchitoches, Louisiana. In connection with that loan, the bank required Broadway to obtain insurance on the machine for the life of the loan.
Broadway experienced some difficulty in obtaining the insurance he needed. He first contacted Lanny Crow, the resident agent for Southern Farm Bureau Casualty Insurance Company, in Natchitoches. Mr. Crow was unable to write the policy with his company, so he contacted Simpson-Scott-Gahagan, Ltd., a general insurance agency operating in Natchitoches. The Simpson-Scott-Gahagan agency was unable to write the policy with any of the companies represented by it, so that agency, acting as a local producing agent or broker, contacted Interstate Surplus Line Underwriters of Shreveport, Louisiana, a surplus line insurance agency acting as general agent for several foreign insurers. One of these companies was the defendant, and Interstate Surplus Line Underwriters, acting pursuant to its authority as general agent for All-Star Insurance Corporation in Louisiana, issued an All-Star policy covering Broadway’s machine on June 8, 1970. The coverage provided in that policy included fire protection on the above described log skidder owned by plaintiff.
Interstate Surplus mailed the policy to Simpson-Scott-Gahagan, Ltd. That agency then forwarded the original policy to the Exchange Bank (the loss payable beneficiary under the policy), and a copy of the contract was sent to Broadway. Interstate Surplus did not deal directly with plaintiff in negotiating for or in issuing the policy.
The first premium which became due on the policy was paid by plaintiff to Mr. Crow, who forwarded it to Simpson-Scott-Gahagan, Ltd., who in turn sent it to Interstate. Interstate then sent the payment to All-Star. Later the premiums were paid by plaintiff directly to Simpson- *591 Scott-Gahagan, Ltd. That agency forwarded these premiums on to Interstate, and Interstate transmitted them to All-Star. Appropriate deductions for commissions were made along the line.
On May 3, 1971, due to the non payment of premiums, Simpson-Scott-Gahagan, Ltd., forwarded a request for cancellation of the policy to Interstate, setting forth that the reason for that request was non-payment of the premiums. On May 6, 1971, Interstate, acting pursuant to Simpson’s request, mailed notices of cancellation to: (1) Plaintiff Broadway; (2) the Exchange Bank; (3) the Simpson-Scott-Gahagan agency; and (4) All-Star. Copies of the notices were kept in the files of Interstate. The notices, properly addressed to everyone, were mailed by regular mail, and pursuant to the request of Interstate, the post office certified that the notices had been mailed to plaintiff and to the Exchange Bank. None of the notices were ever returned, undelivered, to Interstate.
The pertinent portion of the notices recited that:
“You are hereby notified that in accordance with the terms and conditions of the above mentioned policy your insurance will cease at and from the hour and date mentioned above.”
The hour and date on which the cancellation was to 'be effective were set out in the notice as being at 12:01 A. M. on May 17, 1971. The notice itself did not predicate its effectiveness upon receipt of the notice by the addressee.
Sometime during the night of May 17, or during the early morning hours of May 18, 1971, the insured log skidder owned by plaintiff was destroyed by fire. The machine thus was destroyed after the day and hour specified in the above mentioned notice as the effective time of the cancellation.
All-Star Insurance Corporation and the Simpson-Scott-Gahagan agency received the notices of cancellation which were sent to them. Plaintiff denied that he received the notice which had been mailed to him, and the president of the Exchange Bank had no recollection or record of the bank having received such a notice.
The trial judge held that Interstate Surplus “exceeded its authority when it attempted to cancel the contract,” and that the policy thus remained in force despite the notice of cancellation which it sent to the insured. Defendant contends that the court erred in reaching that conclusion.
Plaintiff points out, correctly, that the agency agreement between All-Star and Interstate Surplus contains no specific provision authorizing Interstate to cancel policies issued by All-Star. Also, the insurance policy which All-Star issued to plaintiff does not delegate any such authority to the agent. It provides only that “this policy may be cancelled by the company There is nothing in the record to show that All-Star requested or directed that Interstate issue the notice of cancellation. On the basis of these facts, plaintiff argues that the notice of cancellation sent by Interstate was ineffective.
The facts in McNeese v. Brown, 158 So.2d 323 (La.App. 1 Cir. 1963), are similar to those presented here. The court held in that case “that Tri-State did have the right, as a general agency, to cancel any policy which it had originally issued.”
We feel that the rule applied in the McNeese case, supra, is applicable here. See also Anderson v. Transamerica Insurance Company, 191 So.2d 758 (La.App. 2 Cir. 1966); and Richard v. Springfield Fire and Marine Insurance Company, 114 La. 794, 38 So. 563.
Our conclusion is that the trial court erred in holding that Interstate Surplus did not have authority to cancel the insurance contract. We find that Interstate, as the general agent of All-Star, had the right to cancel any policy which it had issued for that insurer.
*592 The trial court also held, as an additional ground for the judgment appealed from, that the notice of cancellation which Interstate mailed to Broadway did not effect a cancellation of the policy, because Broadway did not receive that notice. Defendant argues that the mere mailing of a notice of cancellation, properly addressed, is sufficient to effect the cancellation of the policy, and that neither the policy nor the law (LSA-R.S. 22:636) requires that a notice of cancellation be received by the insured before the cancellation becomes effective. It contends that the trial judge erred in holding that receipt of such a notice is necessary.
The policy does not require that the notice of cancellation be received in order for it to be effective. With reference to cancellation by the insurer, it provides: “This policy may be cancelled by the company by mailing to the insured at the address shown in this policy or last known address written notice stating when, not less than ten (10) days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice.”
The law also does not require that the notice of cancellation be received by the insured. The pertinent portions of LSA-R.S. 22:636 provide that “written notice of such cancellation must be actually delivered or mailed to the insured. . . .,” and that:
“The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United States Post Office.”
The notice of cancellation issued by Interstate in this case, was issued and was mailed to the insured, Broadway, in strict compliance with the terms of the policy and with the provisions of the cited statute. It was in a sealed envelope, directed to Broadway at his last address as known to the insurer and as shown on the insurer’s records (the address also being plaintiff’s correct address), with proper prepaid postage affixed, in a letter depository of the United States Post Office.
The trial judge made a factual finding that Broadway did not receive the notice which had been mailed to him by Interstate, and we accept that finding of the trial court.
An issue similar to the one presented here was determined in Cuccia v. Allstate Insurance Company, 250 So.2d 60 (La.App. 4 Cir. 1971). There, the notice of cancellation was mailed to the insured at the address stated in the policy, although the insured had moved to another city before the loss occurred. The insured never received the notice. The Fourth Circuit Court of Appeal concluded that the cancellation of the policy was effected by the mere mailing of the notice, even though the insured had moved and did not receive it. The court held that LSA-R.S. 22:636 requires only that the notice be mailed, as therein set out, and that it is immaterial whether it was received by the insured.
In Harang v. Sparacino, 257 So.2d 785 (La.App. 4 Cir. 1972), the notice of cancellation was mailed to the insured, in a properly addressed envelope, but the insured did not receive it. The loss occurred after the date specified in the notice as the effective date of cancellation. The reviewing court held that since the notice was properly mailed, the cancellation became effective on the date specified in the notice, even though the notice was never received by the insured. The court said:
“We have been referred to a number of cases involving the interpretation of the provisions of LSA-R.S. 22:636 concerning the mailing and nonreceipt of notices of cancellation. The statute itself does not mention receipt, but provides that cancellation may be effected only upon compliance with the requirement of written notice of cancellation ei *593 ther actually delivered or mailed to the insured. An examination of the jurisprudence to which we have been referred discloses that there is no case in which our appellate courts have held that it was necessary that the insured actually receive the mailed notice, although lack of receipt has been considered as evidence which could rebut an affidavit of mailing, which, if not rebutted, is ‘evidence’ of mailing.”

“. . . But neither section 636 nor section 636.1 requires proof of receipt of the notice, but only proper mailing. A holding that the insured was not aware of the notice of cancellation is insufficient to prevent the effectiveness of the cancellation . . . ”
We think the rules applied in the Cuccia and Harang cases, supra, are consistent with the provisions of LSA-R.S. 22:636 and with the terms of the policy involved in the instant suit. In our opinion, the mailing of the notice to Broadway had the effect of cancelling the policy at the time specified in that notice, even though Broadway did not receive that notice.
We are aware of the fact that we used language in Townzen v. Allstate Insurance Company, 188 So.2d 474 (La.App. 3 Cir. 1966) which appears to be inconsistent with the views expressed here. In that case we stated that “the appellate courts of this State have held that in considering the above quoted statute (LSA-R.S. 22:636), the burden of proof is on the insurer to show that the insured has received notice of cancellation of a policy issued by it in order that the insurer may be relieved of liability.” We then cited the following cases as examples of such holdings: Skipper v. Federal Insurance Company, 238 La. 779, 116 So.2d 520; Long v. Home Indemnity Co. of New York, 169 So. 154 (La. App. 2 Cir. 1936); Alexander v. State Farm Mutual Automobile Insurance Company, 148 So.2d 898 (La.App. 1 Cir. 1962); and Anderson v. Fontenot, 163 So.2d 366 (La.App. 3 Cir. 1964).
A closer examination of the cited cases convinces us now that they do not support the view that receipt of the notice is necessary to effect a cancellation, or that the insurer must prove that the notice of cancellation was actually received by the insured.
In Skipper v. Federal Insurance Company, supra, for instance, the notice of cancellation was held to be ineffective because it was not mailed to the last known address of the insured. The court thus did not reach the question of whether receipt of such notice was necessary for the cancellation to be effective. Some dicta appears in the Skipper case indicating that delivery of the notice of cancellation must be proved by the insurer, and the court cited as authority for that dicta the case of Paz v. Implement Dealers Mutual Insurance Company, 89 So.2d 514 (La.App. Orl.1956). In Paz, the court explicitly refrained from interpreting LSA-R.S. 22:636, because the notice itself recited that the cancellation was to become effective only after receipt of such notice. The Paz case, therefore, does not support the dicta which appears in Skipper.
The case of Long v. Home Indemnity Company, supra, cited in Townzen, did not involve an interpretation of LSA-R.S. 22:636, or any of its sources. There the court held that while mailing by regular’ mail is sufficient notice irrespective of actual receipt, mailing by registered mail is insufficient unless actual receipt is proved. Since the notice in that case was mailed by registered mail to an incorrect address and was never received by the insured, it was held to be ineffective. ' We also observe that the notice issued in that case specifically provided that the cancellation would not be effective until after receipt of the notice by the insured. When the notice contains such a stipulation the insurer, of course, must prove that the notice of cancellation was received by the insured be *594 fore the cancellation can become effective. The notice in the instant suit does not contain any such stipulation.
In Alexander v. State Farm Mutual Automobile Insurance Company, supra, the court recognized that under LSA-R.S. 22:636 a policy may be cancelled by merely mailing the notice, but, following the Long case, supra, it held that the mailing must be by ordinary mail rather than by registered mail. In the instant suit, of course, the notice of cancellation was properly sent to the insured by regular mail.
Finally, the case of Anderson v. Fonte-not, supra, which was cited in Townzen, did not involve the cancellation of a policy, and it thus is not applicable to the issue presented here.
In none of the cited cases, therefore, did the court hold that LSA-R.S. 22:636 requires that the insurer prove that the notice of cancellation was received by the insured. We concede, therefore, that in Townzen we erred in implying that receipt of the notice of cancellation is necessary in order for the cancellation to become effective. Despite the language used in Town-zen, we hold that the law relating to the cancellation of insurance policies was correctly stated and applied in the Cuccia and Harang cases, supra.
We know that a writ of review was issued by the Supreme Court in the Cuccia case (259 La. 801, 253 So.2d 64). We cannot assume from the granting of this writ, however, that in Cuccia the court erred in holding that the insurer is not required to show that the notice of cancellation was received by the insured. It is conceivable that the writ was granted because Cuccia appears to be inconsistent with our holding in Townzen. It may have been granted to examine the question of whether the evidence was sufficient to support a summary judgment, or it may have been granted to review the holding of the court of appeal that the failure to mail a notice of cancellation to the mortgagee does not effect the cancellation of the policy insofar as the insured is concerned.
Our conclusion is that the notice of cancellation was properly mailed to the insured in the instant suit, and that the cancellation became effective before the loss occurred. The trial judge erred, therefore, in holding that the cancellation was not effective, and in rendering judgment in favor of plaintiff.
In view of our conclusions relative to the cancellation of the policy, it is unnecessary for us to consider plaintiff’s claim for penalties and attorney’s fees.
For the reasons assigned, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendant, All-Star Insurance Corporation, and against plaintiff, Roy Broadway, rejecting plaintiff’s demands at his costs. The costs of this appeal are assessed to plaintiff-appel-lee.
Reversed.