280 So.2d 638 (1973)
AUTO OWNERS INSURANCE COMPANY and Louis Robinson
v.
Frederick FRERET et al.
No. 9408.
Court of Appeal of Louisiana, First Circuit.
June 20, 1973.
Rehearing Denied July 20, 1973.
*639 Oliver S. Montagnet, Jr., New Orleans, for appellant.
Steven K. Faulkner, Jr., New Orleans, for Auto Owners Ins. Co., and Louis Robinson.
Robert E. Barkley, Jr., New Orleans, for U. S. Fire Ins. Co.
Before LANDRY, TUCKER and PICKETT, JJ.
*640 LANDRY, Judge.
Defendant Freret (Appellant) appeals from a judgment dismissing plaintiffs' demands against Appellant's insurer and co-defendant, United States Fire Insurance Company (U. S. Fire), for damages resulting from an automobile accident involving a vehicle belonging to Appellant, pursuant to a motion for summary judgment by said insurer. Appellant contends the trial court erred in finding that the policy issued to him by his insurer expired prior to the occurrence of the accident in question. We reverse.
The accident happened February 9, 1971. On August 22, 1971, plaintiff and his insurer, Auto Owners Insurance Company, instituted suit against Freret and U. S. Fire to recover the sum of $2,094.09 damages sustained by plaintiff's dump truck in the accident. U. S. Fire answered the action on November 30, 1971, and on November 6, 1972, moved for summary judgment of dismissal of plaintiffs' demands as to movant on the ground that Freret's insurance expired March 10, 1970, and was not renewed.
In support of its motion for summary judgment, U. S. Fire presented affidavits of Phil Smith, manager of U. S. Fire's Automobile Underwriting Department and C. Gregg Quinlan, Jr., the local agent who sold Appellant the policy in question. U. S. Fire did not offer the policy in support of its motion for summary judgment; neither did said Appellee attach the policy to its answer.
Smith's affidavit recites that a search of company records failed to disclose a policy of automobile insurance issued to Appellant, and which was in force and effect on February 9, 1971. It further recites that a policy had been issued Appellant for the period March 10, 1969, to March 10, 1970, but that said policy expired March 10, 1970, and was never renewed. In conclusion, Smith averred no other policy of automobile liability insurance was ever issued by U. S. Fire to Appellant.
Quinlan's affidavit states that as agent of U. S. Fire, he issued a liability policy to Appellant covering the period March 10, 1968 to March 10, 1969. The policy was renewed with effective dates of March 10, 1969 to March 10, 1970. In March, 1970, he was advised by U. S. Fire that Appellant's policy would not be renewed because of excessive losses. Although his affidavit does not state when, Quinlan asserts he informed Appellant that U. S. Fire would not renew Appellant's policy when it expired March 10, 1970. At this same time, he, Quinlan, advised Appellant that U. S. Fire was required to give Appellant written notice of refusal to renew and that, unless written notice to the contrary was given Appellant at least twenty days prior to expiration of the policy, U. S. Fire would have to renew the policy, and Appellant would be covered until March 10, 1971. The affidavit concludes with the statement that so far as Quinlan is aware, U. S. Fire never gave Appellant the required notice.
Appellant filed no counter affidavit or deposition whatsoever. The policy in question is not before us for purposes of this appeal. Appellant concedes he never paid nor offered to pay a renewal premium. It is conceded by movant that no demand for payment of a renewal premium was ever made upon Appellant, and neither was Appellant ever notified that a renewal premium was due.
In passing upon a motion for summary judgment, the court is called upon to decide whether the pleadings, depositions, answers to interrogatories and admissions on file, together with such affidavits as the parties may have submitted, show the absence of a genuine issue as to material facts, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
The initial burden in a summary judgment proceeding rests heavily upon movant to convincingly show the absence of a genuine issue of material fact between *641 the parties. This burden is such that all reasonable doubt is resolved against mover and in favor of trial on the merits. Until movant discharges this burden of proof, the obligation of countering by the opposing party does not arise. Perry v. Reliance Insurance Co. of Philadelphia, La. App., 157 So.2d 903; Latter & Blum, Inc. v. Von Ruekfrang, La.App., 249 So.2d 229.
In disposing of a motion for summary judgment, if no counter affidavits or depositions are filed, the facts set forth in movant's affidavits and depositions must be accepted as true. Coastal Contractors, Inc. v. Tri-City Const. Co., La.App., 238 So.2d 36.
The affidavits offered by movant establish that Appellant's vehicle was insured by U. S. Fire from March 10, 1968 to March 10, 1969, and was renewed with effective dates of March 10, 1969 to March 10, 1970. Smith's allegation that the policy expired March 10, 1970, and was not renewed, is not a statement of fact but a conclusion based upon assumptions which may or may not be true in fact. In addition, the issue of whether the policy was renewed, as a matter of law, under the circumstances, as contended by Appellant, is the very question posed by this litigation and can be determined only by the court. It is well settled that in disposing of a motion for summary judgment, conclusions of law advanced by the parties are not binding upon the court.
In contending the policy was renewed for a year commencing March 10, 1970, Appellant relies upon LSA-R.S. 22:636.1, D and E, which reads as follows:
"D. No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days' advance notice of its intention not to renew. This subsection shall not apply: (1) if the insurer has manifested its willingness to renew; or (2) in case of nonpayment of premium; ....
E. Proof of mailing of notice... of intention not to renew... to the named insured at the address shown in the policy, shall be sufficient proof of notice."
Although the policy in question does not appear in evidence, it is conceded by all concerned that it contains the following pertinent provision:
"If the company elects not to renew this policy, it shall mail to the insured named in Item 1 of the declarations, at the address shown in this policy, written notice of such nonrenewal not less than twenty days prior to the expiration date; provided that, notwithstanding the failure of the company (to comply) with the foregoing provisions of this paragraph, this policy shall terminate
1. on such expiration date, if
(a) The named insured has failed to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit, or
(b) the company has by any means manifested its willingness to renew to the named insured or his representative; or"
Appellant contends movant has failed to show that it mailed or delivered notice of movant's intention not to renew the policy at least 20 days prior to expiration date, as required by the above quoted statute and policy provision. The result, Appellant argues, is that the policy was automatically renewed for a period of one year.
Appellee maintains notice of nonrenewal was not required inasmuch as Appellant *642 failed to pay the required renewal premium. In this regard, Appellee cites and relies upon both the statutory and policy provision that the requirements of notice of nonrenewal are inapplicable in cases of nonpayment of premiums. Therefore, according to Appellee, Appellant was not entitled to notice of nonrenewal. Consequently, the policy expired March 10, 1970, eleven months prior to expiration of the accident herein sued upon. In support of its position, Appellee relies upon Vidrine v. Southern Farm Bureau Casualty Ins. Co., La.App., 247 So.2d 660.
We are in accord with the law pronounced in Vidrine, above, and also in Borne v. Dillon, La.App., 201 So.2d 115, which is indistinguishable from Vidrine, above, and reached the same identical conclusion. These authorities are, however, factually distinguishable from the case at hand. In the cited authorities, the policies involved contained the following provision concerning renewal:
"... and for such terms of six calendar months each thereafter as the required renewal premium is paid by the insured on or before the expiration of the current term."
Vidrine and Borne, above, held that in view of the policy provision regarding payment of renewal premium, the policy expired and no notice of intent not to renew was required on the part of the insurer. In the case at bar, movant has not shown the existence of a similar provision, or any other provision in subject policy, requiring payment of premium as a condition precedent to renewal. Subject policy is not in evidence as previously noted herein. While it may well be that subject policy does contain some provision concerning renewal premiums, we cannot so assume for the purposes of Appellee's motion. Movant bears the burden of establishing this essential fact and has not done so.
On authority of Harang v. Sparacino, La.App., 257 So.2d 785, and Broadway v. All-Star Ins. Corp., La.App., 267 So.2d 589, Appellee contends failure to give notice of intent not to renew, as required by the applicable statute and policy provisions, is immaterial inasmuch as Appellant received actual notice of such intent. Appellee reasons that since Harang and Broadway, above, hold mere mailing of notice (of cancellation), without receipt thereof, suffices for purposes of cancellation, actual notice is ample in case of failure to renew. We find the cited authorities factually distinguished in that in each instance notice of cancellation (required pursuant to LSA-R.S. 22:636.1(B), (C), was timely given. In this case, we find notice was untimely for reasons hereinafter shown.
We reject movant's contention that LSA-R.S. 22:636.1(D) makes no change in the prior jurisprudence to the effect that an insurer is under no legal obligation to renew term insurance, as held in Walters v. Edwards, La.App., 212 So.2d 749, and Gary v. Blanchard, La.App., 228 So.2d 515. Both said authorities involved instances occurring prior to the effective date of the statute in question. We find the statute does change the law by imposing obligations upon an insurer which did not theretofore exist regarding renewal of automobile liability policies, as will hereinafter appear. In addition, movant has imposed upon itself the added obligation of furnishing the statutory notice in writing.
Equally difficult of acceptance is Appellant's claim that failure to give the statutory notice, where required, automatically operates a renewal of a policy of insurance. Such a construction of the statute, we find, would lead to the absurd result of ipso facto continuing the insurance after expiration, irrespective of whether the insured intended or desired to retain the coverage. It could quite conceivably lead to renewal of insurance the insured did not wish to maintain under any circumstances, or which he opted not to renew because of his desire to place such insurance elsewhere.
*643 We see no reason, however, why parties to an insurance contract could not provide for such automatic renewal. If a policy contained such a provision, we are aware of no public policy it might contravene. In this case, we are not informed whether subject policy contains a provision of this nature.
Movant's affidavits indicate that Appellant could not have been given more than 10 days notice. The statute provides for twenty days notice. The obvious purpose of the law is to afford the insured a period of at least twenty days in which to seek insurance elsewhere should his insurer elect not to continue the coverage. We hold that failure to give the full twenty days notice, as required, is the equivalent of no notice at all. We also hold that receipt of actual notice less than twenty days before expiration is likewise tantamount to no notice whatsoever. In this instance, we find no notice was given.
We further hold that where notice is required and not given, as in the case at bar, the insured has the right to demand renewal, provided, of course, he complies with policy provisions regarding renewal, if any. If notice is required and not given, and the policy is silent as to renewal privileges, the insured may demand renewal within a reasonable time, under the circumstances, following expiration, in which event the insurer is legally obligated to renew the policy. Should the insured fail to request renewal in a reasonable time, the policy is terminated as of its expiration date.
The judgment of the trial court sustaining the motion for summary judgment filed on behalf of United States Fire Insurance Company is reversed and set aside, and this matter remanded to the trial court for further proceedings consistent with the views herein expressed; all costs of this appeal to be paid by Appellee, United States Fire Insurance Company.
Reversed and remanded.