LEMMON, Judge.
This is an appeal from a summary judgment which held that an insurance policy issued by American Indemnity Company to Angelo Sciortino, d/b/a International Hair Design Institute, had been cancelled prior to the date of the accident which forms the basis of this suit.
On October 14, 1969 Lillie Taylor was allegedly struck by a sign which fell from Sciortino’s place of business. After suit was filed by Mrs. Taylor, Sciortino answered in proper person with a general denial. Through counsel, Sciortino subsequently filed an amended answer and a third party demand against American, demanding that American defend the suit and indemnify him for any judgment rendered in the proceedings within the limits of the policy.
American declined, alleging that the policy was cancelled effective September 29, 1969, prior to the accident sued upon.
American filed a motion for summary judgment on the issue of cancellation. Two officers of the insurance agency declared by affidavits that the policy was issued on November 21, 1968 for a three year term; that only partial payments were made on the first annual premium; that notice of cancellation for nonpayment of premium directed to Sciortino at his business address was deposited in the United States mail on September 23, 1969 with proper postage attached; and that the envelope and notice had not been returned. A certificate of mailing was also attached. One officer further stated that, shortly after the cancellation notice was mailed, he discussed with Sciortino a pending claim involving burglary damage, at which time he informed Sciortino of the cancellation and the reason therefor. He advised Sciortino that there was a balance due on the first annual premium of $50.00, which after allowing credit for a return premium of $27.00 was reduced to $23.00, and Scior-tino thereupon paid this amount. Other documentary evidence shows a $23.00 payment was made on October 1, 1969.
Sciortino thereupon filed a counter affidavit, asserting that he had never received a notice of cancellation and that he first became aware of the attempted cancellation when he reported the accident to the agent.
Interrogatories were propounded by American, and Sciortino answered, denying receipt of the notice of cancellation or any advice of cancellation by the agent, although he admitted the discussion concerning the burglary damage which was incurred in July, 1969. He further listed the payments that he made on the first annual premium. He then affirmed in an additional affidavit that he paid the $23.00 upon being informed that this amount would bring his premiums up to date and that his total payments on this premium amounted to $135.66, a few cents more *103 than the amount of the first annual premium. Receipts and cancelled checks were attached to verify the payments listed. He also denied receiving any premium refunds.
American then filed another affidavit, which listed the payments received on the premium and which showed the balance of $50.00 due at the time of the alleged cancellation. The discrepancy between this list of payments and that filed by Sciortino in answering the interrogatories was a $22.88 payment claimed to be made on July 17, 1969.
The trial court denied the motion for summary judgment.
American thereupon filed another motion for summary judgment. A supplemental affidavit attached to this motion recited that a policy on Sciortino’s residence with another company represented by the agency had been cancelled on July 2, 1969 for non-payment of premium, and the $22.88 payment by Sciortino on July 17, 1969 was made to reinstate that cancelled policy. Documentary evidence attached to the affidavit supported this assertion.
No further counter affidavits were filed by Sciortino.
The trial court granted this motion and rendered a summary judgment dismissing the third party demand. Sciortino has appealed.
R.S. 22:636, as amended in 1958, provides in pertinent part:
“A. Cancellation by the insurer of any policy which by its terms is cancella-ble at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
“(1). Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
* * * * * *
“B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
“C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.”
American contends that under this statute mere mailing of the notice of cancellation is sufficient to cancel the policy. Citing Cuccia v. Allstate Insurance Company, 250 So.2d 60 (La.App. 4 Cir. 1971), American further argues that an affidavit of the insured that the notice was not received does not rebut the affidavit of the insurer that the notice was mailed.[1]
We do not believe that the Cuccia decision is relevant to the facts of this case. The cancellation notice, a copy of which is filed in the record, stated that the policy would terminate “five days from the receipt of this notice(Emphasis supplied). Therefore, the insurer in this case chose to do more than it contends the statute requires, since the notice itself set the termination date of the policy at five days from receipt by the insured. See Paz v. Implement Dealers Mutual Ins. Co., 89 So.2d 514 (La.App. 4 Cir. 1956). There is nothing in American’s affidavits to establish the date of receipt. On the contrary, Sciortino spe *104 cifically denied that the notice was received, and thus the date of receipt (which is necessary to calculate the termination date of the policy) is a genuine issue of material fact which precludes the granting of a summary judgment as a matter of law. C.C.P. art. 966.
For these reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings.
Reversed and remanded.

. The author of this opinion dissented from this view expressed by the majority. The Supreme Court has granted a writ of certiorari.